KINSTON AND CAROLINA RAILROAD CO. v. STROUD.

(Filed April 21, 1903.)

1. RAILROADS—*Charter—Corporations—Eminent Domain — Evidence — The Code, Secs. 1932, 1933.*

Where the articles of incorporation of a railroad company are upon their face void, the trial court will so declare in a proceeding to condemn land by right of eminent domain claimed thereunder.

2. RAILROADS—*Charter—Corporations—Recordation — The Code, Secs. 1932, 1933.*

The filing and recording by the secretary of state of articles of association of a proposed railroad company, if not such as required by law, is a nullity.

3. RAILROADS—*Eminent Domain — Recordation — Filing — Map — The Code, Sec. 1952—Acts 1893, Ch. 396.*

In an action to condemn land for railroad purposes, the profile required to be filed must show whether there will be any "fills" or "cuts" on the land sought to be condemned.

4. APPEAL—*Clerks of Court—Superior Court—Exceptions and Objections— The Code, Sec. 255—Acts 1887, Ch. 276.*

On the removal of a proceeding before the clerk of the superior court to the superior court objections may be raised on trial in the superior court that were not raised before the clerk.

ACTION by the Kinston & Carolina Railroad Company against I. and S. Stroud, heard by Judge *E. B. Jones,* at January (Special) Term, 1903, of the Superior Court of LENOIR County.   From a judgment for the defendants, the plaintiff appealed.

*Loftin & Varser,* for the plaintiff.
*Rouse & Ormond* and *W. D. Pollock,* for the defendants.

CLARK, C. J.    The plaintiff claiming to be a railroad company organized under Chapter 49 of The Code, began this proceeding before the clerk to condemn a right-of-way over defendants' land.    On appeal from his order to the judge, the plaintiff offered in evidence: (1) A copy of the agreement and Articles of Association with certificate of the Secretary of State that they had been filed in his office.    (2) The profile.    These Articles of Association set forth that the proposed railroad was to be sixty miles long, that $32,000 had been subscribed and five per cent. thereof had been paid in, to-wit, $1,600.    The Code, Section 1932, requires that the Articles of Association, filed for the purpose of forming a railroad company, shall state "the length of such road as near as may be."    Section 1933 provides that such Articles shall not be filed and recorded in the office of the Secretary of State until at least $1,000 of stock for every mile of proposed railroad is subscribed and five per cent. thereon paid in good faith, with acompanying affidavit of three directors, etc.    This was not done here, as only $32,000 is reported as subscribed, with $1,600 cash paid in, instead of $60,000 subscribed and $3,000 certified to be paid in as required by the statute.

Of course the charter of a corporation can not be collaterally attacked and a direct proceeding must be brought to annul it.    But if the charter were on its face inoperative and void, a court would so declare it in any proceedings to condemn lands by virtue of the right of Eminent Domain claimed thereunder.    By virtue of these proceedings under Chapter 49 of The Code the duties of the Secretary of State are only to "file and record" when the proposed Articles are in form in compliance with the statute.    He adjudicates nothing, though he can refuse to file and record Articles of

Association not complying with the statute, but he issues no charter or letters patent. It is true the persons are not a corporation until the Articles are filed, but if they are not in compliance with the requirements of the statute the corporation acquires no life or rights, however much it or the alleged corporators may be estopped to deny liability for acts done under color of such registration by them in the office of the Secretary of State. Upon the presentation of the certified copy of the Articles of Association his Honor seeing that upon the face thereof the law had not been complied with, properly adjudged that the alleged corporation had not been legally incorporated and could not procure an order to condemn a right-of-way through defendant's premises. The "filing and recording" by the Secretary of State of Articles of Association, if not such as required by law has no more effect than a registration of a deed not duly authorized (*Todd v. Outlaw,* 79 N. C., 235) or than the docketing a judgment confessed without legal requirements (*Uzzle v. Vinson,* 111 N. C., 138) or recording a laborer's lien without complying with the requirements of a statute (*Cook v. Cobb,* 101 N. C., 68). This is not a collateral attack, but holding that the Articles of Association, like the above papers, are invalid and of no effect, upon their face.

The profile not being such as required by the statute the court also properly held that this was a condition precedent before an order of condemnation could be granted. It is true it does not affirmatively appear that there would be any "cuts" or "fills" on defendant's land. But the very object of requiring the profile is that it may appear whether or not there will be such "cuts" or "fills" before granting the order of condemnation and that the jury may have the benefit thereof in assessing damages. It is enough that the statute requires the profile to be filed and that the plaintiff has failed to do what was required in this respect. It is immaterial

that this last point was not made before the clerk.    The case on appeal is as fully before the judge as if it had been originally returned before him.    Ch. 276, Laws 1887, amending The Code, Sec. 255.    See Clark's Code, 3d Ed., pp. 266, 267; *Faison v. Williams,* 121 N. C., 152, and cases there cited; *Roseman v. Roseman,* 127 N. C., at p. 497.

No Error.