CITY OF GOLDSBORO v. T. H. HOLMES AND EDNA HOLMES.

(Filed 29 September, 1920.)

**Municipal Corporations—Cities and Towns—Condemnation—Damages—Removal of Houses—Special Agreement.**

In the absence of statutory provision in this State authorizing it, a municipal corporation may not condemn the owner's land for a city street, and require him to move a dwelling therefrom onto his adjoining land; and it is necessary for the city to acquire and to compensate the owner for the house as well as for the land, in the absence of a special agreement.

APPEAL by plaintiff from *Bond, J.,* at May Term, 1920, of WAYNE.

This was a petition before the clerk for the condemnation of land for the extension of a street, heard by the judge on appeal. The defendants demurred *ore tenus* to the complaint upon the ground that it failed to state a cause of action in that the plaintiff sought to condemn the land without condemning and paying for the building situated thereon, which it proposed that the plaintiff should remove from the lot sought to be condemned. His Honor sustained the· demurrer, and the plaintiff appealed.

*D. C. Humphrey and Dickinson & Land: for plaintiff.*
*Langston, Allen & Taylor for defendants.*

CLARK, C. J. The city of Goldsboro is seeking to condemn a strip of land 50 feet wide for the extension of a street. On this strip of land is located a large two-story dwelling-house in which the defendants are living. The plaintiff is seeking to condemn said land without paying for the house thereon, which it proposes that the defendants may remove from the premises.

His Honor properly adjudged that "The plaintiff, in condemning land for public use, must condemn and pay for the same as it is found, and it has not the authority to condemn the land without the house." In this there was no error.

The doctrine of the cases is thus summed up in 2 Lewis Em. Dom. (2 ed.), sec. 248: "The legislature may authorize the taking of land without the building or trees thereon, but in such case the measure of damages would ·seem to be the value of the whole property less the value of the buildings or trees for removal. In absence of express authority, land cannot be taken without the buildings. The condemnor must take it as it is." It has been held in many cases, "The legislature may constitutionally provide that the public, in taking land for highways, may take the buildings on the land absolutely, or require them to be moved back if the owners have enough land left for that purpose." *S.· v. Hudson County* (N. J.), 17 L. R. A., 787.

In 20 C. J., 590, and 15 Cyc., 604, the law is thus summed up: "In the absence of a statutory prohibition a dwelling-house or other building may be taken or removed under the right of eminent domain like any other species of real estate; and the legislature may provide that in taking the land the buildings may be taken absolutely, or that no interest in the building shall be taken, but that the owner may be compelled to remove them off the part taken, in case he has land left upon which they may be removed." Citing cases in the notes.

In this case the owners had adjoining land upon which they could have removed the dwelling, but in absence of any provision in our statute authorizing the condemnor to require the owner to remove the building back, and any agreement between them to that effect, C. S. 2792; we think the law is correctly stated in *Paul v. Newark* (N. J.), 6 Am. Law Review, 576: "A house wholly within the lines of the proposed street must (if the owner so wishes) be taken and paid for in full by the city, and the city cannot compel him to remove it by paying the cost of the removal and restoration, even although the owner has immediately adjacent land sufficient to accommodate the house." Our statute might so require, but it has not been so enacted.

Affirmed.