**MANN et al. v. TRINITY FARM CO. et al.**
**(No. 9210.)**

(Court of Civil Appeals of Texas. Dallas. March 14, 1925.)

**1. Pleading ⬤⟁279(1)—Plaintiffs' supplemental petitions, if timely objected to, considered only as supplemental petitions and not as amendments to original petition.**

If proper and timely objections had been made to the receiving and considering of plaintiffs' supplemental petitions as amendments, effect should only be given to such pleadings as would, under the rules of practice, be accorded to supplemental petitions, and not as amendments to original petition.

**2. Appeal and error ⬤⟁920(3)—Allegations of petition seeking to dissolve injunction taken as true in absence of denial.**

On appeal from order dissolving temporary injunction, allegations in plaintiffs' pleadings which were not denied by defendants' answer will be taken as true.

**3. Pleading ⬤⟁279(4)—Plaintiffs' supplemental petition, alleging new cause of action not related to original action, not considered.**

Where plaintiffs' pleadings, styled second supplemental petition, alleged facts constituting new cause of action, not relating to original action, nor in reply to any facts alleged by defendants, the new cause of action thus alleged will not be considered.

**4. Eminent domain ⬤⟁9—Limitations on right of eminent domain of levee improvement district, stated.**

A levee improvement district incorporated under Acts 35th Leg (1918) 4th Called Sess.

c. 44 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5584½–5584½tt), has the right of eminent domain only to prevent overflows of some water course within, or bordering upon, the district, as provided in section 9 of such act, and, unless such necessity exists, right of eminent domain cannot be legally exercised.

**5. Levees and flood control ⬦⟾6—Proceedings by landowners to enjoin exercise of right of eminent domain by levee improvement district held a direct attack on order of commissioners' court creating district.**

Where owners of land sought to be condemned applied for temporary injunction against levee improvement district, and alleged that petition for creation of district did not set forth proposed boundaries, that order of commissioners' court creating district was illegal, and that district was not entitled to exercise right of eminent domain, *held*, that such proceeding constituted a direct attack upon order entered by commissioners' court creating such district.

**6. Eminent domain ⬦⟾274(1) — Landowners held entitled to seek relief through injunction to enjoin condemnation proceedings by levee improvement district.**

In view of Const. art. 5, § 8, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1706, giving district courts general supervisory control over commissioners' courts, *held*, that landowners were entitled to seek relief through injunction proceeding to enjoin condemnation proceedings by levee improvement district, and it was not necessary for them to invoke quo warranto proceedings, notwithstanding effect of relief by injunction is to question legal existence of levee improvement district.

**7. Eminent domain ⬦⟾274(1)—Injunction may be granted under statute regardless of existence of legal remedy.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, fact that condemnation proceedings are pending before a county court, and that an adequate remedy at law may be available to landowners whose land is sought to be condemned by levee improvement district, *held* bar to right of landowners to seek injunction restraining district from exercising right of eminent domain; it being apparent from allegation of plaintiffs' petition that they are entitled to relief demanded, and that such relief requires restraint of some act prejudicial to them.

**8. Eminent domain ⬦⟾274(1) — Landowners whose property is sought to be condemned by levy improvement district have right to question legality of corporate existence of district.**

Assuming that power conferred on district courts under Const. art. 5, § 8, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1706, to supervise commissioners' courts, is limited to proceedings had before such commissioners' court, when questioned by direct attack, yet landowners seeking to enjoin district from exercising right of eminent domain would be entitled to relief, since, where privately owned property is sought to be condemned for public use, owners may question right of condem-

nor to invoke right of eminent domain, even to extent of inquiring into legality of corporate existence of condemnor, as law only gives right to take property to a de jure corporation.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Petition for injunction by Mrs. Lenis F. Mann and another against the Trinity Farm Company and others, in which a temporary injunction was granted. From judgment dissolving temporary injunction and dismissing case, plaintiffs appeal. Reversed and remanded, with directions.

Wirt Mann and J. E. Gilbert, both of Dallas, for appellants.

J. Lee Gammon, of Waxahachie, and A. S. Jackson, of Dallas, for appellees.

VAUGHAN, J. On the 18th day of April, 1922, appellants, Mrs. Lenis F. Mann and her husband, Wirt F. Mann, filed their petition for an injunction, duly verified, against Trinity Farm Company, an incorporated joint-stock association, C. H. Clark, H. B. Greever, E. P. Harwell, T. H. Harbin, J. F. Ross, J. B. Alred, and C. R. Brown, as defendants therein, who, now, with Dallas levee improvement district No. 5, are the appellees in this cause.

Appellants, in their original petition, allege ownership, possession, and occupancy as a homestead of 160 acres of land under inclosure and in cultivation, and described by metes and bounds; that the parties defendant therein named were threatening to tear down appellants' fences, enter upon and construct across their homestead premises a deep ditch, destroying their growing crops, and disturb their peaceable possession, whereby irreparable damages would be done them, and that they were remediless unless by injunction; that appellants were married on the 14th day of February, 1908, and have since lived together as man and wife, making the land above mentioned their homestead; and that they have never moved therefrom nor acquired any other homestead. The prayer is for injunction and restraining order to prevent said defendants from committing any act of trespass thereon, and on final hearing for injunction, general relief, etc.

On April 21, 1922, after due notice, said petition was heard and a temporary restraining order granted, restraining said defendants from doing the things therein alleged defendants were threatening to do to the prejudice of appellants' rights.

Trinity Farm Company filed its original answer on May 24, 1922, which, in effect, is a plea in confession and avoidance, with prayer for abatement and dissolution of the temporary restraining order, alleging that it was a contractor only of Dallas county levee improvement district No. 5, and, as an em-

---

ployee under such contract, had moved its machinery and equipment, engines, teams, and laborers upon the ground at the date of the suing out of the injunction and service thereof, for the sole purpose of constructing the improvements upon the lands mentioned in appellants' petition, and alleged to be described in a petition of said levee improvement district No. 5 filed before the judge of the county court at law seeking to condemn the right of way over the lands of appellants; that condemnation hearing was had, at which appellants appeared, protested, and appealed from the award, which appeal is pending, a copy of which condemnation proceedings was, as alleged, attached to and referred to as "Exhibit A"; and further alleged that it was not threatening to do anything upon any land other than the lands described in said petition of said improvement district. It does not traverse or deny any allegation of the original bill, except by way of confession and avoidance. Exhibit A, attached to said answer, is an alleged copy of the petition to the county judge of Dallas county at law for the appointment of commissioners to condemn the strip of land through appellants' property, which petition is alleged to have described about 5,000 acres by metes and bounds, and includes 12 acres of appellants' land, which 12 acres form a strip of land approximately 148 by 3,620 feet, running diagonally from the northeast to the southwest corner across the 160 acres, which is square, each side being 950.4 varas; that in said condemnation petition it is alleged that said district had adopted plans for the improvement proposed, which have been approved by the reclamation engineer, said plans prescribing the construction of a hillside ditch upon appellants' land. The report of the condemnation commissioners was filed December 2, 1920, and awarded appellants $125 per acre for 12 acres, a total of $1,500, and allowed no other damages. It is further alleged that said levee district paid the costs and deposited double the amount of the award and made the bond required for the payment of any additional costs.

On May 24, 1922, said levee improvement district intervened and adopted the answer of Trinity Farm Company, and alleged that the district court was without jurisdiction and that appellants had filed their opposition to the award of the condemnation commissioners, which was pending in the county court, which court alone had jurisdiction.

On June 16, 1922, appellants filed their first supplemental petition in reply to the original answer of the Trinity Farm Company, in which they denied all the allegations contained in said answer, and further denied that Dallas county levee improvement district No. 5 is a corporation; that in the petition filed to organize said levee improvement district no description was given of the lands composing same; that the notices issued on said petition by the clerk contained no description other than approximately 5,000 acres of land out of a number of surveys, naming them, including the Stockton survey, which is owned by appellants; that, while neither the petition nor the notice issued thereon gave a description by metes and bounds of the proposed district, "at the instigation of defendants, the court made an order establishing the district to embrace the land described in said order."

Appellants further allege that the taking of their property is intended for private use and benefit of said levee improvement district, and for no other purpose; that said district has assumed no duty to the public, owes no duty thereto, and has performed none, and does not undertake to perform any which require the taking of appellants' property for such pretended use; that appellants' land is separated from that of said levee improvement district by a line running east and west and a line running north and south; that no water runs over appellants' land to that of said levee improvement district, except such as passes from a higher to a lower level over a natural watershed; that appellees could construct a ditch on their own property, or on their south and west line, and arrest the natural flow of the water and carry it to any destination they desired; "and that it pretends that the invasion of plaintiffs' property by taking the portion of it which they have undertaken to condemn and appropriate is for a public use and is false;" that on the 30th day of November, 1920, appellee levee improvement district directed its employees, who were supervisors, to file a petition to condemn the land of appellants; that the purpose expressed in their petition is to construct a "hillside ditch" upon appellants' private property. They aver that the honorable county court of Dallas county is without authority to take and appropriate appellants' property for any such purpose.

The trial court, in its judgment rendered on appellee's motion to dissolve the temporary restraining order, held that it had no jurisdiction of the matter in controversy, that the remedy invoked by appellants could only be afforded at the instance of the Attorney General or the district attorney in a quo warranto proceeding for that purpose, dissolved the injunction, and dismissed the case. Bond for appeal and to continue the temporary injunction in force as granted pending appeal was fixed at $3,000; the judgment providing that upon its execution the restraining order should remain in effect until the hearing of the cause on appeal. Said bond was duly executed and appeal otherwise duly perfected to this court.

[1] Notwithstanding the parties to the litigation were content to treat appellants' supplemental petitions as appropriate amendments to the original petition filed, we think

it well, in order to prevent any erroneous conclusion as to the office of an amended or supplemental petition and the proper practice to be pursued in the trial of cases in reference thereto, to state that if proper and timely objections to said supplements being received and considered as amendments had been made, effect should only have been given to said pleadings as would, under the rules of practice, be accorded to supplemental petitions, and not the effect of, or considered, as amendments to the original petition. M. C. Glenn v. Dallas County Bois D'Arc Island Levee District, 268 S. W. 452, decided by Commission of Appeals January 28, 1925, not yet [officially] reported; Creosoted Wood Block Paving Co. v. McKay et al. (Tex. Civ. App.) 234 S. W. 587.

[2] The material allegations contained in appellants' pleadings, not having been denied by appellees' answer, same being in the nature of a plea of confession and avoidance, will constitute, for the purpose of determining this appeal, the statement of facts, which will be taken as true just as if the trial court had sustained a general demurrer to appellants' pleadings on a hearing of the motion to dissolve. Doyle, County Judge. et al., v. Slaughter et al. (Tex. Civ. App.) 250 S. W. 1090.

Appellants have ordered their cause on this appeal and seek to justify their position by the following propositions: (a) That appellants' land is not subject to the condemnation proceedings instituted by appellee levee improvement district to acquire the long, narrow strip of land running diagonally across appellants' 160-acre homestead tract, which is not included in the district (except the 12 acres sought to be condemned), nor subject to overflow, and which was not taken or needed for a public use or benefit, but sought to be condemned only for the digging of a hillside drainage ditch to run water uphill, which water could be controlled, if need be, by digging ditches on and upon the lands of, said Trinity Farm Company without trespassing upon appellants' land; (b) that the trial court has jurisdiction to prevent by injunction irreparable injury to the property of appellant, irrespective of an available legal remedy, and that said court erred in holding that their only remedy was by quo warranto; (c) that said levee improvement district was not legally organized, in that neither the petition on which it was organized nor the notice issued thereon contained the description of its boundaries as required by law; therefore said levee district has not the lawful authority to condemn appellants' land, and the district court has jurisdiction to protect appellants' property from invasion through the unlawful threatened condemnation proceedings instituted by appellees.

Appellees answer the above by appropriate counter propositions, in effect, as follows:

That the levee improvement district is a public or municipal corporation, incorporated under the levee and drainage law of the state of Texas; that the remedy sought by appellants was a collateral attack on the corporate existence of appellee improvement district, and that the trial court was without jurisdiction therefore to issue the injunction or to grant the relief in the form as prayed for; that if entitled to the relief, same could only be granted appellants through quo warranto proceedings; that by proper proceedings instituted in the manner and form required by law, said levee improvement district had condemned a strip of land comprising 12 acres of the 160 acres owned by appellants; that appellees had complied with all the requirements of the law for the purpose of taking possession of said tract of land so condemned; that the commissioners appointed in said condemnation proceedings assessed damages and appellants filed their opposition to the award made by said commissioners, and that said cause is now legally in the county court at law of Dallas county, and that said court has exclusive jurisdiction to determine the issues presented in said condemnation proceedings, and that the district court is without power to enjoin said county court from proceeding with the final disposition of said cause; and, further, that appellants have an adequate remedy at law in said cause.

The temporary writ of injunction was dissolved on the ground that the trial court did not have jurisdiction of the matters in controversy in that the remedy invoked by appellants could only be had through quo warranto proceedings for that purpose, and not upon the ground that appellees had denied under oath the material allegations of the petition. Therefore no good purpose would be served by a discussion of propositions Nos. 2, 3, 5, 6, 7, and 8, same not being involved in the order appealed from. Rabb v. La Feria Mut., etc., Co., 62 Tex. Civ. App. 24, 130 S. W. 916.

[3] Appellants, in their pleadings styled "second supplemental petition," alleged facts constituting a new cause of action not in any respect related to, connected with, or growing out of, their original cause of action, nor in reply to any facts which had theretofore been alleged in pleadings filed by appellees. Therefore the new cause of action thus alleged has no place in the suit in the form presented, as effective consideration of same can only be invoked by a proper amended petition in accordance with the rules of practice governing trial of causes in the district and county courts. Glenn v. Dallas County Bois D'Arc Island Levee District, supra; Creosoted Wood Block Paving Co. v. McKay et al., supra.

Appellee levee improvement district purports to be a conservation and reclamation district, duly incorporated and existing un-

der the Acts of 1918, 35th Legislature, Fourth Called Session, ch. 44 (now articles 5584½ to 5584½TT, inclusive, Vernon's Ann. Civ. St. 1922 Supplement), and that, as such, section 1 of said act confers on it the right of constructing and maintaining levees and other improvements on, along, and contiguous to, rivers, creeks, and streams for the purpose of reclaiming land from overflow from such streams and for the proper drainage and other improvement of such lands included within the boundaries of said district as organized. Said act, as the initial steps for the organization of a corporation under its terms, directs that there shall be presented to the commissioners' court of a county, in which the lands to be included in such district are located, " * * * a petition signed by the owners of a majority of the acreage of such proposed district, setting forth the proposed boundaries thereof, the general nature of the work proposed to be done, the necessity therefor and the feasibility thereof, * * * and, upon presentation of * * * such petition, it shall be the duty of the court to which it is presented * * * to fix a time and place at which such petition shall be heard before the commissioners' court of the county wherein it is filed * * * and to order and direct the county clerk of such county * * * to issue a notice of such time and place of hearing, which notice shall inform all persons concerned of the time and place of hearing and of their right to appear at such hearing and contend for or contest the formation of such district. * * *"

Section 9 of said act, in part, reads:

"The right of eminent domain is hereby expressly conferred upon all levee improvement districts established under the provisions of this act, for the purpose of enabling such districts to acquire the fee simple title, easement or right of way to, over and through any and all lands, waters, or lands under waters, private or public (except land and property used for cemetery purposes), within, bordering upon, adjacent or opposite to such districts, necessary for making, constructing and maintaining all levees and other improvements for the improvement of a river or rivers, creek or creeks, or streams, within or bordering upon such districts, to prevent overflows thereof."

[4] From the above it is very apparent that it was the intention of the Legislature to confer only the right of eminent domain where a necessity exists to acquire property, easement, or right of way for the purpose of making, constructing, and maintaining levee and other improvements for the improvement of a river, or rivers, creek or creeks, or streams, within or bordering upon such districts to prevent overflow thereof; and that unless the necessity exists for the acquisition of land, or the use of land as therein specifically designated, and for the purpose therein stated, and to which the right to condemn is limited, to wit, to prevent

overflows of some water course therein named, within or bordering upon the district, the right of eminent domain cannot be legally exercised.

In the case of Dallas Hunting & Fishing Club v. Dallas County Bois D'Arc Island District, 235 S. W. 607, this court, speaking through Associate Justice Hamilton, in construing the scope and purpose of this act, held:

"That the purpose of [same] was to create conservation and reclamation districts to reclaim river bottom lands from overflow waters which come upon them, by building levees to stop the water at the edge or boundary of the levee districts, whether the levee district may comprehend lands removed a distance from the channel of the stream itself or which may abut upon the channel."

[5] Appellants allege, which allegation we must take as true, that the petition presented for the creation of the levee improvement district did not set forth the proposed boundaries thereof; that by reason of such omission, the order of the commissioners' court creating said district was illegal, being a jurisdictional fact without which said court was not authorized to act in so far as entering the order creating said district.

It is further urged by appellants that the right to exercise eminent domain is only conferred on a levee improvement district legally incorporated under the provisions of said act, and that, as said levee improvement district has not been legally incorporated thereunder, the proceedings instituted by it to condemn the property owned by appellants are illegal and void; and that the trial court had jurisdiction to grant appellants the relief sought through the form of action invoked. The 160 acres, of which 12 acres is sought to be condemned, is the property of appellant Mrs. Lenis F. Mann, and is now, and was long before the institution of said proceedings to condemn, the homestead of appellants. The strip of land so sought to be condemned is a long, narrow strip running diagonally across the entire 160 acres, and is included within the boundaries of said levee improvement district as established by the order of the commissioners' court creating same. Appellants are not owners of any stock, or otherwise interested in said levee improvement district, and were not in any respect interested in the organization of same; their only interest being the 12 acres of land owned by them, included within the boundaries of said district. These facts, in connection with the above allegations, are sufficient to show that the proceedings instituted by appellants constitute a direct attack upon the order entered by the commissioners' court creating said levee improvement district. Doyle, County Judge, et al., v. Slaughter et al., supra; Parks v. West, 102 Tex. 11, 111 S. W. 726; Trimmier v. Carlton (Tex. Civ. App.) 264 S. W. 253;

Oden v. Barbee, 103 Tex. 449, 129 S. W. 602; Bourgeois v. Mills, 60 Tex. 76.

[6] Section 8, art. 5, of our state Constitution, confers on district courts general supervisory control over commissioners' courts, and that district courts, in the exercise of this power, have the jurisdiction to review, revise, correct, alter, amend, or annul judgments and orders entered by commissioners' courts in proceedings had before them cannot be questioned, as the power is conferred without limitation, both by the above provision of the Constitution and article 1706, V. S. T. C. S. 1914. We therefore hold that, both under the organic and statutory law, the relief sought by appellants is available to them through injunction proceedings, and that it was not necessary to invoke quo warranto proceedings, notwithstanding the effect of the relief by injunction is, to a certain extent, to question the legal existence of the levee improvement district; this being necessary to secure appellants' relief against the threatened unlawful invasion of their property rights. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162.

[7, 8] The fact that condemnation proceedings are now pending undetermined before the county court at law of Dallas county, and that an adequate legal remedy may be available to appellants by trial of said cause in said court, constitutes no bar to the right of appellants to the injunctive relief sought. This, because it is apparent from the allegations of appellants' petition that they are entitled to the relief demanded and that such relief, or a part thereof, requires the restraint of some act prejudicial to them. Vernon's Ann. Civ. St. 1914, art. 4643; Mid-Texas Petroleum Co. et al. v. Colcord et al. (Tex. Civ. App.) 235 S. W. 710. However, if it should be conceded that district courts can only exercise power to issue writs of injunction in cases in which a court of chancery under the settled rules of equity have the power to issue them (County of Anderson v. Kennedy, 58 Tex. 616), and that the power to supervise commissioners' courts conferred upon district courts by section 8, art. 5, supra, is limited to proceedings had before such commissioners' courts when questioned by a direct attack and does not include the right to supervise by injunction proceedings an order of the commissioners' court creating a public service corporation, yet, nevertheless, appellants would be entitled to the relief in the form sought under the following rule announced by the Supreme Court of the United States in the case of Tulare Irrig. Dist. v. Shepard, 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773:

"The case of New York Cable Co. v. New York, 104 N. Y. 1, 43, 10 N. E. 332, is cited to the point that where it is sought to take the property of an individual under powers granted by the state to a corporation to be formed in a particular manner therein directed, the constitutional protection of the rights of private property requires that the powers granted be strictly pursued and all the prescribed conditions performed, and that hence, if the corporation be simply a de facto, and not a de jure, corporation, it cannot take private property in invitum. The case simply asserts the principle that the right of eminent domain cannot be exercised by a corporation de facto, and that the question of valid organization could be raised when such a corporation sought to condemn lands. That is one of the exceptions to the general rule in regard to a corporation de facto. When a corporation seeks to divest title to private property and to take it for the purposes of its incorporation, it must then show that it is a corporation de jure, for the law has only given the right to take private property to that kind of a corporation. * * *"

To the same effect is the holding in the following cases: New York Cable Co. v. New York, 104 N. Y. 1, 10 N. E. 332; Orrick School District v. Dorton, 125 Mo. 439, 28 S. W. 765; Kinston & C. R. Co. v. Stroud, 132 N. C. 413, 43 S. E. 913; Atkinston v. Marietta & C. R. Co., 15 Ohio St. 21. By this doctrine we think appellants' case should be ruled.

Appellants, as owners of the land sought to be condemned by appellee levee improvement district, by which privately owned property is sought to be condemned for public use, have the right to question the power of the applicant, the levee improvement district in this instance, to invoke the right of eminent domain, and this, even to the extent of inquiring into the legality of the corporate existence of said levee improvement district, as the law only gives the right to take private property to a de jure corporation. This is in keeping with the holding of this court in the case of Benat v. Dallas County et al., 266 S. W. 539, speaking through Associate Justice Looney, to wit:

"The Legislature has the undoubted power to name the persons, corporations, and municipalities who may institute condemnation proceedings, but, as a taking of the property of the citizen in this summary manner is in derrogation of the common-law modes of procedure, the power to do so must be explicit and undoubted, and those, and only those, persons, corporations, and municipalities upon whom the requisite authority has been conferred by the Legislature can put in motion the statutes furnishing the procedure for the condemnation of property."

What we have said is sufficient to demonstrate that the trial court was in error in holding that it did not have jurisdiction of the matters in controversy, in that the remedy invoked by appellants could only be afforded in a quo warranto proceeding instituted for that purpose, and in dissolving the temporary injunction theretofore granted, and in dismissing the case from its docket, and that the judgment should be reversed and the cause remanded, with instructions.

It is therefore ordered, adjudged, and decreed that said judgment be, and is hereby, reversed and the cause remanded to the trial court, with instructions to reinstate same on its docket, and to continue in full force and effect the temporary writ of injunction heretofore granted until said cause shall have been heard and determined on its merits.

Reversed and remanded, with instructions.