STATE OF NORTH CAROLINA v. SUNCREST LUMBER COMPANY ET AL.

(Filed 2 July, 1930.)

1. **Eminent Domain C a—Demands for compensation for damages should be raised by exceptions to proceedings and not by answer to petition.**

    Where in condemnation proceedings under the provisions of chapter 48, Public Laws of 1927, as amended by chapter 220, Public Laws of 1929, for the condemnation of defendant's land for public park purposes, an amendment to the answer is filed asking damages for loss of business by reason of the condemnation: *Held,* the amounts demanded in the amended answer do not constitute a cross-action or counterclaim, but only to a demand for compensation which should be raised by exceptions aptly taken in the proceedings. As to whether cross-actions or counterclaims can be set up in condemnation proceedings instituted by the State, *quære?*

2. **Same—Upon appeal from the sustaining of demurrer to answer of respondents in condemnation, elements of compensation will not be decided.**

    On appeal from judgment sustaining the demurrer to the answer of respondents in condemnation proceedings, the Supreme Court will not decide the various elements of compensation allowable to the respondents, it being necessary that such questions be raised by exceptions aptly taken in the proceedings to assess compensation.

APPEAL by respondents from *Barnhill, J.,* at May Term, 1930, of BUNCOMBE.

Special proceeding under chapter 48, Public Laws 1927, as amended by chapter 220, Public Laws 1929, to condemn lands in the Great Smoky Mountains of Western North Carolina for public park purposes. The case was here on demurrer at the Spring Term, 1929, and is reported in 197 N. C., 4.

The body of land, described in the petition, which is sought to be condemned, consists of about 37,000 acres of timber lands located in Haywood and Swain counties, North Carolina, and is owned by the Suncrest Lumber Company, on which the Union Trust Company and Frederick H. Rawson, as trustee, hold mortgages or deeds of trust, hence their joinder as parties respondent.

The prayer for relief is that the Suncrest Lumber Company be enjoined from further cutting timber on said lands and that commissioners be appointed to fix and determine the amount of compensation respondents are rightfully entitled to receive for the lands thus taken.

The respondents answered, admitted the ownership of the lands described in the petition, but challenged the constitutionality of the legislative act under which the proceeding was instituted. (See *Yarborough v. Park Commission,* 196 N. C., 284, 145 S. E., 563.)

Later, by leave of court, the respondents filed amendments to their original answer, and set up or averred that in addition to compensation for the lands actually taken, they are entitled to damages, consequential and other, for the taking of said lands, which has already resulted and will result in great damage to their railroad, logging-road and equipment, right of way, sawmill, etc., used in connection with cutting the timber on said lands, and they asked that such damages be ascertained by the commissioners and included in their award.

To these amendments, the petitioner demurred on the ground that "said amendments to answer do not state a cause of action, in that the said amendments attempt to set up damages which are not allowed in this proceeding against the petitioner."

It was adjudged that the demurrer be sustained; and further:

"It is expressly stipulated by the court that this judgment is not intended to, nor shall it be interpreted as precluding the right of the defendants to offer competent evidence relating to the availability or accessibility of the timber on said tract of land sought to be condemned, to the markets, or of any other fact or circumstance which may tend to show its market value.

"The court holds, in sustaining said demurrer, that the respondents are not entitled to recover any compensation or damages in respect of the value of the property described in said amendments to their answer, and located outside the boundary of land sought to be condemned herein, or of respondents' sawmill business."

From this judgment, the respondents appeal, assigning error.

*Attorney-General Brummitt, Assistant Attorneys-General Nash and Varser; Carter & Carter and Varser, Lawrence, Proctor & McIntyre for petitioner.*

*H. A. Mumma and Rollins & Smathers for respondents.*

STACY, C. J., after stating the case: The amendments filed by the respondents to their original answer do no more than raise the question as to what constitutes "just compensation" for the lands condemned and for their taking. *R. R. v. Mfg. Co.,* 169 N. C., 156, 85 S. E., 390; 2 Lewis Eminent Domain (3d ed.), 1153, *et seq.* They do not amount

to cross-actions or counterclaims, and are not subject to demurrer. Indeed, it may be doubted as to whether it is permissible to set up a cross-action or counterclaim in a condemnation proceeding instituted by the State. C. S., 1716; *Goldsboro v. Holmes,* 183 N. C., 203. At any rate, none has been attempted here.

Even if we should hold with the court below that the respondents, in these amendments, have alleged improper elements of damage, and there is much to be said in favor of this position, still we would only be dealing with allegations, not required to be made, and the respondents would not be estopped or deprived of the right to show proper elements of damage by proof, if they can. A prodigal pleading in a proceeding of this kind ought not to work an estoppel, unless it be regarded in the nature of a bill of particulars, which it does not seem to be. C. S., 534 and 4613; *Cropsey v. Markham,* 171 N. C., 43, 87 S. E., 950; *S. v. Wadford,* 194 N. C., 336, 139 S. E., 608.

While a statement of the rule to be applied might be desirable, it would not be controlling, if made on the present record. And we apprehend that, on the hearing, all that is alleged in the respondents' amendments to the original answer may not be admitted. But to undertake to decide the matter now would require that it be done in the light of these unchallenged allegations. Furthermore, it ought not to be presumed in advance of the rendition of the award of the commissioners that it will be unsatisfactory to either side. It is possible that the items, which the respondents now foresee as elements of damage, may be satisfactorily adjusted in the manner suggested by the trial court, or otherwise, and ordinarily it can make no difference, either to the condemnor or to the condemnee, where the award is fair and reasonable, whether it be designated "compensation" or "compensation and damage." Nichols, Power of Eminent Domain, 315. What boots it as to which expression is used, if, in the end, they both amount to the same thing? 10 R. C. L., 67. Compensation for the lands taken, and damage for their taking where such results to the landowner, may be regarded as the more accurate form of expression; but, if the award be fair to both sides— fair to the petitioner and fair to the respondent, it could serve no useful purpose to debate a question of terminology prior to the necessity of determining the rights of the parties. The phrase "just compensation," as used in condemnation proceedings, includes all that the landowner is entitled to receive as a just equivalent for the lands taken and for their taking. 2 Words & Phrases, 1355.

"As to the procedure in a case of this kind," says *Hoke, J.,* in *Selma v. Nobles,* 183 N. C., 322, 111 S. E., 543, "our decisions are to the effect that notwithstanding the appearance of issuable matter in the pleadings, it is the duty of the clerk, in the first instance, to pass

upon all disputed questions presented in the record, and go on to the assessment of the damages through commissioners duly appointed, and allowing the parties, by exceptions, to raise any questions of law or fact issuable or otherwise to be considered on appeal from him in his award of the damages as provided by law," citing as authorities: *R. R. v. Mfg. Co.,* 166 N. C.; 168, 82 S. E., 5; *Abernathy v. R. R.,* 150 N. C., 97, 63 S. E., 180; *R. R. v. R. R.,* 148 N. C., 59, 61 S. E., 683.

In *Abernathy's case, supra,* the method of procedure was stated by *Connor, J.,* as follows: "In condemnation proceedings the questions of law and fact are passed upon by the clerk, to whose rulings exceptions are noted, and no appeal lies until the final report of the commissioners comes in, when upon exceptions filed, the entire record is sent to the Superior Court, where all of the exceptions are passed upon and questions may be then presented for the first time," citing in support of the position: *R. R. v. Stroud,* 132 N. C., 413, 43 S. E., 913; *R. R. v. Newton,* 133 N. C., 132, 45 S. E., 549; *Porter v. Armstrong,* 134 N. C., 447, 46 S. E., 997; *Durham v. Riggsbee,* 141 N. C., 128, 53 S. E., 531.

That the landowner is entitled to compensation for the lands taken in condemnation, and damage for their taking where such results, is the rationale of all the decisions on the subject, and this is not questioned by either side. *Light Co. v. Reaves,* 198 N. C., 404, 151 S. E., 871; *Power Co. v. Hayes,* 193 N. C., 104, 136 S. E., 353; *Milling Co. v. Highway Commission,* 190 N. C., 692, 130 S. E., 724; *Power Co. v. Power Co.,* 186 N. C., 179, 119 S. E., 213; *Goldsboro v. Holmes,* 180 N. C., 99, 104 S. E., 140; *Watts v. Turnpike Co.,* 181 N. C., 129, 106 S. E., 497; *R. R. v. Mfg. Co., supra; R. R. v. Armfield,* 167 N. C., 464, 83 S. E., 809; *Phillips v. Telegraph Co.,* 130 N. C., 513, 41 S. E., 1022; *R. R. v. Church,* 104 N. C., 525, 10 S. E., 761; *R. R. v. Wicker,* 74 N. C., 220; *Johnston v. Rankin,* 70 N. C., 550; *Alloway v. Nashville,* 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123; 20 C. J., 730. Neither is it controverted that, unless sanctioned by statute, loss of profits from a business conducted on the property or in connection therewith, is not to be included in the award for the taking. *Mitchell v. U. S.,* 267 U. S., 341, 69 L. Ed., 644; *Joslin Mfg. Co. v. Providence,* 262 U. S., 668, 67 L. Ed., 1167.

The only effect, therefore, which a dictum on the present pleadings could have, would be to indicate the test for determining the competency or admissibility of the evidence to be offered on the hearing and to chart the course of the award. This, it will be observed, is what was undertaken in the judgment below. But as we view the pleadings, it would seem that the demurrer should have been dismissed. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Error.