His Honor, upon motion of defendants, granted an order for reappraisement. Plaintiff excepted and appealed.
This is the plaintiff's petition to have certain land, needed by the plaintiff for its use as a depot, valued, etc. The defendant also filed a supplemental petition to carry out the object in a friendly way. Commissioners were appointed to assess damages, benefits, etc., who filed their report with the clerk, and the matter went by appeal to the Superior Court. No exceptions were filed by the defendants to the report before the clerk. On the call of the case in (455) the Superior Court, his Honor, on motion, allowed exceptions to be filed nunc pro tunc, and ordered a new appraisal to be made as to the value and damage of the premises described in the petition. From these orders the plaintiff appealed.
We see no doubt that his Honor had power to allow amendments, etc., under our system of procedure. Code, secs. 273, 1946, Acts 1887, ch. 276, and several decided cases under those sections found in Clark's Code. The court having power to make such orders, does so in the exercise of its discretion, which ordinarily we can not review.
The orders appealed from seemed to be necessary steps in the cause. At any rate they were interlocutory, and were not appealable until after final judgment upon the report of the commissioners, at which time the plaintiff will have the benefit of its exceptions. The appeal is premature. Hendricksv. R. R., 98 N.C. 431. Appeal dismissed, and judgment below.
Affirmed. *Page 321 
(456)