NORTH CAROLINA STATE HIGHWAY COMMISSION v. T. M. YOUNG
AND S. G. HALL.

(Filed 15 April, 1931.)

1. **Highways A a—Highway Commission may establish right of way of greater width than the statutory minimum.**

   The State Highway Commission, under the authority of statute, may establish the width of the State's highways as extending thirty feet each way from the center of the road, and where it has posted signs along a highway at intervals approximating two miles prescribing such right of way, private owners of land along the route, though the State may not have acquired by condemnation or otherwise the full width so established, may not upon such unacquired lands included in the width of the sixty-foot highway create or maintain obstructions that would be a menace to public travel.

2. **Same—Ordinance of Commission giving it discretionary power to allow encroachment on right of way is not void.**

   It will be presumed that the discretionary power of the State Highway Commission to allow an encroachment upon the right of way of a highway in proper instances, where its written permission is obtained, will be justly exercised, and unless manifest abuse of this discretionary power is shown, the courts will not interfere or declare its ordinance in regard thereto void as giving the Commission power to unjustly discriminate.

**3. Eminent Domain A a—Whether taking is for public purpose is for decision of courts, extent and necessity of taking is for Legislature.**

The question of whether the purpose for which private property is taken is a public one is judicial, but the question of necessity and proper extent of the taking is legislative and subject to determination by such agency and in such way as the Legislature may designate.

**4. Eminent Domain C a—Provision that State Highway may take lands before assessing compensation does not violate constitutional rights.**

The statute, authorizing the State Highway Commission to enter upon and take possession of lands before bringing condemnation proceedings and before making compensation, is not an infraction of the due-process clause of the Federal Constitution and does not deprive an owner of notice and opportunity to be heard, and where the Commission has instituted a suit to enjoin the maintenance of an obstruction on the right of way of a State highway the owner may not set up therein that the lands had not been condemned and compensation paid, there being nothing in the record indicating a purpose to deprive the owner of notice with respect to assessment of damages.

APPEAL by defendants from *Harding, J.,* enjoining the obstruction of highways 69 and 104 in YANCEY County. Affirmed.

The judgment contains the following recital of facts:

1. It is admitted that some time prior to the act complained of, the State Highway Commission built in Yancey County State Highway No. 69, with a paved roadway eighteen feet in width, and that this highway is intersected at Micaville with State Highway No. 104, the surfaced portion of which is sixteen feet in width, and that at the time of the building of said State highways no condemnation proceeding was had, and no definite right of way was indicated on the ground with respect to either of said highways.

2. It is further admitted that the State Highway Commission did, on 16 October, 1929, pass certain ordinances, copies of which have been introduced in evidence, and that ordinance No. 23 undertakes to ordain and establish a sixty-foot right of way for all State highways, except as otherwise indicated on the ground, and that in pursuance of this ordinance signs, as indicated on the sketch introduced in evidence, were posted at intervals of approximately two miles on all State highways within the State, and were posted along both State highway routes 69 and 104, but that no one of these signs was located on the particular property of the defendants involved in this action.

3. It is further admitted that after the construction of the said highways, and after the passage of the said ordinance, and after the posting of the said signs, the defendants caused to be constructed at the intersection of said State highways 104 and 69, as shown on the sketch introduced in evidence, a filling station that extends within the said sixty-foot right of way, that is closer than thirty feet to the center of both

route 104 and route 69; that after the defendants began the construction of the said filling station, and before the same was completed, the defendants were notified by an agent of the State Highway Commission that they were within the territory claimed as State highway right of way, and that the construction of the filling station was forbidden; and that thereafter the defendants completed the construction of said filling station and are now operating the same.

4. That the defendants were at the time of laying out said highways, and now are, the owners of the land upon which said filling station has been constructed.

The ordinance referred to is as follows:

"That the right of way of all State highways, except as otherwise designated by appropriate signs on the ground, shall extend thirty feet from the center of the highway on either side and such additional width on curves as will give a clear vision from any point on the center line of said highway to a like point on such center line two hundred feet distant; and it shall be unlawful for any person to construct or maintain any structure within the limits of said right of way, except with the written permission of the State Highway Commission."

The court adjudged that the admitted facts are determinative and that no disputed facts are reserved for a jury; that the defendants be permanently restrained and enjoined from operating the filling station at the intersection of routes 69 and 104 at any point nearer than thirty feet from the center of either of the highways; and that they be ordered to remove and cease to maintain that part of the obstruction which is within the limits of the right of way extending thirty feet from the center of either highway.

The defendants excepted and appealed.

*Charles Hutchins for appellants.*
*Charles Ross for appellee.*

ADAMS, J. The statutes by which this appeal is to be determined are contained in chapter 70, article 15, of the North Carolina Code of 1927. Pursuant to authority thereby conferred the State Highway Commission built two highways in Yancey County, each with an asserted right of way of sixty feet in width. At the intersection of these highways in the village of Micaville was a piece of land owned by the defendants, on which they began the erection of a filling station. The plaintiff, having ascertained that the building would cover a part of each right of way, brought suit to restrain the defendants from maintaining the filling station on the rights of way and to compel them to remove the obstruction.

While the fundamental defense is that the plaintiff has no right of way on the defendants' property, there are several related questions which, of course, must be considered.

It was provided by the act of 1921, ch. 2, sec. 7, that the rights of way of all roads taken over under that act should be not less than thirty feet in width. The maximum width was not fixed, but on 16 October, 1929, the plaintiff, pursuant to legislative authority, prescribed sixty feet as the width of all rights of way for the State highways, except as otherwise indicated on the ground. N. C. Code, 1927, 3846(j)(b)(j). It is manifest that the rights of way described in the complaint were laid out; signs were posted on the highways numbered 69 and 104, as they were on all the State highways, at intervals of approximately two miles, although no definite right of way was indicated on the defendants' lot with respect to either route. After the ordinance was enacted and the highways were constructed and the signs were put up the defendants built the filling station, parts of which project into the highways. This is a physical fact demonstrable by observation. Before the building was completed the defendants were informed that it was on a part of each highway, and without regard to the notice they proceeded with the construction. If the house occupies part of these public highways why should the obstruction not be removed in the interest of the public safety? While availing themselves of the right to build on their lot the defendants were obligated to yield their private interests to the needs of the public, but not without proper compensation.

The defendants urge several objections. They contend that the ordinance enacted by the plaintiff was ineffective; that rules for the use of the State highways and for the placing of obstructions thereon cannot be enforced until the plaintiff shall have acquired the property in the way the law prescribes. A literal construction of the sections (3846(j) d, j) may afford a semblance of reason for this position; but the highway act must be construed in its entirety. The avowed purpose of the act was to enable the State, through the agency of an administrative body, to lay out, take over, establish, and construct certain highways throughout the State. The power to lay out and construct a highway implies the power to acquire a right of way having at least the minimum statutory width. In fact, the power to acquire rights of way is plainly conferred. N. C. Code, 1927, 3846(j). There is no ground for saying that the plaintiff could not reasonably increase the minimum statutory width; and if by resolution or ordinance it adopted a uniform rule generally applicable to the State highways we see no convincing reason for exempting the defendants from its operation.

Conceding the right of the plaintiff to make rules in proper cases, as held in *Radford v. Young,* 194 N. C., 747, the defendants insist that

the ordinance in question is invalid because it enables the plaintiff to discriminate between the owners of property anywhere in the State. They suggest that a vicious discrimination is permissible under the clause which prohibits an obstruction on the right of way "except with the written permission of the State Highway Commission"; also that in enforcing the ordinance the Commission "may allow every other filling station in the State to remain nearer the highway than thirty feet."

This position results from the assumption that the State Highway Commission may purposely and wilfully abuse the discretion with which the law invests it. It is hard to see how any administrative body can function without exercising discretion; but even then the discretion must not be whimsical, or capricious, or arbitrary, or despotic. That such abuse of discretion may avoid or nullify an act is elementary.

The clause referred to, instead of being a means of obnoxious discrimination, was intended to prevent inequitable results. A building may be situated so close to water, ravine, cliff, mountain side, or other natural object that its removal from a right of way would be equivalent to its destruction, and in such circumstances the Commission should be permitted in the exercise of discretion to see that justice is administered and that public and private rights are protected. This, as we understand it, is the scope and purpose of the clause to which objection is made. In *S. v. Tenant,* 110 N. C., 609, and *Bizzell v. Goldsboro,* 192 N. C., 348, cited by the defendants, city ordinances were held invalid as an unwarranted interference with the ordinary incidents of ownership at the arbitrary will of the aldermen without valid reason for their action; but these cases involved the police power of municipal corporations and are not decisive of the present question. However, we may cite, for comparison with these: *S. v. Yopp,* 97 N. C., 477; *S. v. Hundley,* 195 N. C., 377; *Wilson v. Eureka City,* 173 U. S., 32, 43 Law Ed., 603; *New York ex rel. Lieberman v. Van De Carr,* 199 U. S., 552, 50 Law Ed., 305.

It is further contended that the plaintiff has not acquired a right of way by gift, purchase, or condemnation, and that the property of the defendants has been taken without due process of law and without just compensation. Constitution of United States, Art. V.

Whether the purpose for which private property is taken is a public one is a judicial question, but the question of necessity and of the proper extent of a taking is legislative and is subject to determination by such agency and in such way as the State may designate. The due process clause is not violated by failure to give the owner of property an opportunity to be heard as to the necessity and extent of appropriating his property to public use; but it is essential to due process that the

mode of determining the compensation to be paid for the appropriation be such as to afford the owner an opportunity to be heard. *Sears v. Akron,* 246 U. S., 242, 62 Law Ed., 688; *Bragg v. Weaver,* 251 U. S., 57, 64 Law Ed., 135; *North Laramie Land Co. v. Hoffman,* 268 U. S., 276, 69 Law Ed., 953. The laying out of the rights of way by the plaintiff manifested a purpose to acquire an easement in the entire width of each highway for the use of the public, although only a part would ordinarily be used for travel. *R. R. v. McCaskill,* 94 N. C., 746, 754; *R. R. v. Olive,* 142 N. C., 257. But the mere laying out of a right of way is not in contemplation of law a full appropriation of the property within the lines. Complete appropriation occurs when the property is actually taken for the specified purpose after due notice to the owner; and the owner's right to compensation arises only from the actual taking or occupation of the property by the Highway Commission. When such appropriation takes place the remedy prescribed by the statute is equally available to both parties. *McKinney v. Highway Commission,* 192 N. C., 670. It follows that section 3846(bb) of the N. C. Code of 1927, authorizing the Highway Commission to enter upon and take possession of the land before bringing condemnation proceedings and before making compensation is not an infraction of the due-process clause; and we find nothing in the record indicating a purpose to deprive the defendants of notice with respect to the assessment of damages. Judgment

Affirmed.