JOHNSON, J., not sitting.

━━━━━━━

JOHN GATLING, PETITIONER, v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 21 November, 1956.)

**Eminent Domain § 17—**

Where, in condemnation proceedings, the record discloses that no notice was given of the final meeting of the appraisers at which the assessment of damages was made, and that such meeting was not at a time and place fixed by court, the record sustains the findings of the court that the filing of exceptions by the landowner the twenty-first day after the filing of the report was timely, G.S. 40-17, G.S. 40-19, since, in the absence of notice, it may not be held that the filing of exceptions by the landowner was not timely. Further, the judge of Superior Court had discretionary power to allow the exceptions to be filed *nunc pro tunc*. Appeal from the order allowing the exceptions to be filed and remanding the cause to the clerk would seem to be premature.

JOHNSON, J., not sitting.

APPEAL by respondent from *Hobgood, J.,* at February 1956 Regular Civil Term, of WAKE.

Special proceeding in the nature of condemnation proceeding instituted 20 December, 1948, for the assessment of compensation to petitioner for land, described in the petition, taken by respondent for State highway purposes, heard at February 1956 Regular Civil Term of Wake County Superior Court, upon motion of petitioner filed 10 February, 1956, to vacate judgment of Clerk of Superior Court to end that hearing be had on petitioner's exceptions to the commissioners' report.

Upon such hearing the court found these facts: (1) "That the commissioners appointed in this condemnation proceeding conducted a hearing on the 4th day of March, 1949, at which time evidence was heard;" (2) "that the commissioners appointed herein filed their said report in the office of the Clerk of the Superior Court for Wake County on the 10th day of March, 1949, without giving notice of such filing to the petitioner herein; and that judgment was entered in said cause on the 6th day of April, 1949, by the Clerk of Superior Court of Wake County . . . stating that more than twenty (20) days had elapsed since the filing of the commissioners' report, and that none of the parties had filed exceptions thereto;" and (3) "that exceptions to the commissioners' report were filed on the 31st day of March, 1949, after petitioner had learned of the filing of said commissioners' report; and

that the Clerk of the Court's judgment rendered as aforesaid, is irregular, for the reason that the filing of exceptions by the petitioner herein was timely." And thereupon the court "ordered, adjudged and decreed that the judgment of the Clerk of the Superior Court heretofore entered in this cause be vacated and declared null and void," and "that this cause be remanded to the Clerk of the Superior Court of Wake County for further action by said Clerk upon the exceptions to the commissioners' report filed herein."

The respondent excepted to the signing of the foregoing judgment, and appeals to Supreme Court and assigns error.

*Armistead J. Maupin for Petitioner Appellee.*
*R. Brookes Peters, General Counsel, for Respondent Appellant.*

WINBORNE, C. J.    Appellant challenges in the main the finding of fact that petitioner's exceptions to the commissioners' report were timely filed. The findings of fact by the Judge, if supported by any competent evidence, are binding on appeal. Hence the question arises as to whether there is evidence to support the finding that the petitioner's exceptions were filed on time. Appellee contends, and we hold properly so, that the record in the case provides data from which the facts found may be inferred. Indeed the Judge had the discretionary power to allow the exceptions to be filed *nunc pro tunc. R. R. v. King,* 125 N.C. 454, 34 S.E. 541.

In this connection it may be noted: The statute, G.S. 40-16, provides that the court shall fix the time and place for the first meeting of the commissioners. And the statute, G.S. 40-17, declares that whenever the commissioners meet, except by the appointment of the court or pursuant to adjournment, they shall cause ten days notice of such meeting to be given to the parties who are to be affected by their proceedings, or their attorney or agent. It is also provided that after the hearing and the testimony is closed, they shall ascertain and determine the compensation which ought justly to be made, and "report the same to the court within ten days." And it is provided, G.S. 40-19, that within twenty days after filing the report any person interested in the land may file exceptions to the report, and upon the determination of the same by the court, either party to the proceedings may appeal to the court at term, and thence, after judgment, to the Supreme Court. Indeed the court or judge on the hearing may direct a new appraisal, modify or confirm the report, or make such order in the premises as to him shall seem right and proper.

In the light of these statutory provisions, reference to the record in hand discloses: (1) That the Clerk of Superior Court, in the order appointing commissioners, fixed 2 o'clock p.m. on 3rd day of February,

1949, as the time for their first meeting; (2) that on 19 February, 1949, the Clerk entered and filed an order substituting one of the commissioners and directed them to meet at 2 o'clock p.m. on Friday, 25 February, 1949, to take oaths and begin the performance of their duties; (3) that on 25 February, 1949, the Clerk entered and filed an order substituting another of the commissioners to serve with the other two,— but the order contained no reference to time or place; and (4) that on 10 March, 1949, the commissioners filed their report, dated 9 March, 1949, in which it is stated that they met on 25 February, 1949, and thereafter met on 4 March, 1949, and heard such evidence as the parties desired to offer, and, after full consideration, "we do assess the damages,"—thus clearly indicating a meeting on 9 March, 1949. There is nothing in the record to show that notice of a meeting on that date was given to the parties or their attorney, or that the previous meeting had been adjourned to take place at that time. And the record shows that the exceptions were filed on 31 March, 1949, the twenty-first day after the report was filed.

Indeed, as stated by *Ervin, J.,* writing for the Court in *Collins v. Highway Comm.,* 237 N.C. 277, 74 S.E. 2d 709, "the law does not require parties to abandon their ordinary callings and 'dance continuous or perpetual attendance' on a court simply because they are served with original process in a judicial proceeding pending in it." If notice of the meeting, at which the report was signed, had been given to the parties, petitioner would have known of it. Hence in absence of notice it may not be held that petitioner failed to file his exceptions within twenty days after the report was filed. In any event, the order of the Judge was permissible under the statute G.S. 40-19.

It is pertinent to note that this appeal may be premature. *R. R. v. King, supra.* But be that as it may, for reasons stated the judgment below is

Affirmed.

JOHNSON, J., not sitting.