CITY OF RANDLEMAN, PETITIONER, v. MYRTLE HINSHAW, DEFENDANT.

(Filed 4 May, 1966.)

**1. Constitutional Law § 24—**

Notice and an opportunity to be heard are a fundamental requirement of due process, and while service of original process constitutes notice of subsequent regular proceedings in the trial court at term, such service cannot constitute notice of a final order entered by the clerk prior to the time allowed for filing answer. Constitution of North Carolina, Art. I, § 17; Fourteenth Amendment to the Federal Constitution.

**2. Eminent Domain § 7a—**

The constitutional requirements of notice and an opportunity to be heard apply to condemnation proceedings.

**3. Statutes § 4—**

If a statute is susceptible to two interpretations, one constitutional and the other unconstitutional or involving serious doubt as to constitutionality, the former interpretation will be adopted.

**4. Eminent Domain § 7a—**

In a special proceeding by a municipality to condemn an interest in land, the summons together with a copy of the petition must be served at least ten days prior to the hearing upon all persons whose interests are to be affected, G.S. 14-12, and the court must hear proof and allegations of the respective parties and order the appointment of appraisers only in the event no sufficient cause is shown against granting the petition, G.S. 40-16, and ten days' notice of the meeting of the commissioners must be given to the land owner, G.S. 40-17. The statutes do not contemplate a mere perfunctory proceeding but are designed to give the land owner notice and an opportunity to be heard.

**5. Same—**

After service of summons and petition for the condemnation of an easement upon defendant, but prior to the time extended for the filing of answer to the petition, the clerk appointed appraisers who met and filed their report some nine days before defendant was required to answer, and final judgment was entered thereon, all without notice to defendant. *Held:* Defendant land owner was not given notice and an opportunity to be heard as required by fundamental law, and therefore his motion to set aside the judgment of confirmation may not be denied on the ground that

no exception to the commissioners' report was filed within twenty days. G.S. 40-19.

**6. Appeal and Error § 40—**

The rule that a new trial will not be granted when there is no reasonable probability that the result would be materially affected does not apply when appellant is seeking to set aside a final judgment on the ground that it was entered without any hearing whatever.

**7. Eminent Domain § 2—**

The laying by a city of a water main or sewer line in the right of way of a State highway is an additional burden upon the fee, and the owner of the fee is entitled to just compensation for the additional easement, less benefits to his property resulting from construction of the proposed improvements.

MOORE, J., not sitting.

APPEAL by defendant from *Gambill, J.,* 8 November 1965 Civil Session of RANDOLPH.

On 14 April 1965, the city of Randleman instituted a special proceeding before the Clerk of the Superior Court of Randolph County for the purpose of acquiring "rights-of-way, privileges or easements for the construction and operation of sewer and/or water lines" across two tracts of land which the city alleges are owned by the defendant in fee simple and which it describes by metes and bounds in its petition. The proposed rights-of-way or easements are described by metes and bounds in the petition and are located entirely within the right-of-way of North Carolina State Highway No. 2133. The city seeks permanent easements. It alleges in its petition that it has been unable to negotiate with the defendant concerning the purchase of such rights-of-way and easements and that the same can not be purchased for a reasonable price. The petition alleges that the Board of Aldermen of the city has ordered that the said rights-of-way and easements be acquired by condemnation in accordance with the laws of the State. The prayer of the petition is that commissioners of appraisal be appointed to view the premises, "hear the proof and allegations of the parties," determine the compensation, if any, which ought to be made by the city to the defendant, and report to the court to the end that the said rights-of-way and easements may be condemned for the use of the city upon compensating the defendant as provided by law.

Upon application by the defendant, the clerk entered an order extending her time for filing an answer through 14 May 1965. On that date she filed her answer. In it she admits the right of the city to acquire by condemnation the easements sought in the petition,

but alleges that the city has refused to pay her just compensation therefor. The prayer of the answer is that the defendant be awarded just compensation for the taking of her land, which she alleges is $2.00 per running foot for the total length of the easements sought.

In the meantime, on 28 April 1965, the clerk issued an order appointing commissioners to appraise the property proposed to be taken. This order directed the commissioners to hold their first meeting in the office of the clerk at 10:00 a.m. on 28 April 1965, the date of their appointment. It further ordered the commissioners to view the premises, "hear the proofs and allegations of the parties, if any, and reduce the testimony, if any is taken by them, to writing, and after the testimony is closed, * * * ascertain and determine the compensation which ought justly to be made by the City of Randleman to the party owning or interested in said real estate." The order further directed the commissioners to report to the court within ten days from the date of the order.

The commissioners filed their report with the clerk on 5 May 1965, this being nine days before the expiration of the time allowed the defendant to answer the petition and before the filing of her answer. The report states that the commissioners met at 10:00 a.m. on 28 April 1965 in the office of the clerk and, having first been duly sworn, "subsequently visited the premises of the defendant, and after taking into full consideration the quality and quantity of the land involved, and all inconveniences likely to result to the defendant from the condemnation of said rights-of-way, privileges or easements across the same," assessed the defendant's damages at $ —0—, and estimated that the special benefits which the defendant would receive from the construction of the proposed sewer and water lines, or both, would be $7,500.

On 12 July 1965, the clerk entered judgment confirming the report of the commissioners, granting the city perpetual rights-of-way, privileges and easements as prayed for in the petition, and adjudging that the defendant is not entitled to receive anything as damages. The judgment of the clerk states that the court found as a fact that more than 20 days had expired since the filing of the report of the commissioners and no exceptions or objections thereto had been filed or made.

On 19 July 1965, the defendant filed a motion before the clerk that the judgment of the clerk be set aside, that new commissioners be appointed and that the defendant be allowed to present evidence at a hearing before the commissioners. In support of the motion, the defendant asserts that her receipt of a copy of this judgment of 12 July 1965 "was the first information or notice of any proceedings that the landowner or the landowner's attorney had concerning this

matter since filing the answer May 14, 1965." She asserts that she was never notified of the appointment of the commissioners or of their meeting or of the filing of their report. She contends that she is entitled to notice of the meeting of the commissioners in order that she may present evidence to them and be represented by counsel.

The motion to set aside the judgment was overruled by the clerk on the ground that "no exceptions have been filed by the defendant to the report of the commissioners duly filed on April 5, [sic] 1965," and that no sufficient evidence was introduced and no sufficient showing was made to justify the setting aside of the judgment.

To these rulings by the clerk the defendant excepted and appealed. The matter then came on for hearing before the judge, who found the facts above summarized, and also found that the defendant was given no "additional notice" of the meeting of the commissioners or of the filing of their report. The court, being "of the opinion that even if technical error was committed there is no reasonable probability that any additional appraisals, hearings, or trials in this connection would result in any recovery on the part of the defendant," dismissed the appeal from the clerk and refused to allow the motion of the defendant that she be permitted to examine the three commissioners, the clerk and the city attorney. From this order the defendant appeals to this Court.

*Ottway Burton for defendant appellant.*
*L. T. Hammond, Sr., for petitioner appellee.*

LAKE, J. As long ago as *Hamilton v. Adams,* 6 N.C. 161, Hall, J., speaking for the Court, said:

> "It is a principle never to be lost sight of, that no person should be deprived of his property or rights without notice and an opportunity of defending them. This right is guaranteed by the Constitution [*i.e.,* the Constitution of North Carolina]. Hence it is that no court will give judgment against any person unless such person have an opportunity of showing cause against it. A judgment entered up otherwise would be a mere nullity."

As recently as *McMillan v. Robeson County,* 262 N.C. 413, 137 S.E. 2d 105, Rodman, J., speaking for the Court, said:

> " 'The law of the land' and 'due process of law' provisions of the North Carolina and U. S. Constitutions require notice and an opportunity to be heard before a citizen may be deprived of his property."

Speaking more specifically of condemnation proceedings, Adams,

J., speaking for the Court, in *Highway Commission v. Young*, 200 N.C. 603, 158 S.E. 91, said:

"The due process clause is not violated by failure to give the owner of property an opportunity to be heard as to the necessity and extent of appropriating his property to public use; but it is essential to due process that the mode of determining the compensation to be paid for the appropriation be such as to afford the owner an opportunity to be heard."

Again, in *McLean v. McLean*, 233 N.C. 139, 63 S.E. 2d 138, Devin, J., later C.J., speaking for the Court and quoting from *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 94 L. Ed. 865, said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

In *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709, this Court affirmed an order of the superior court judge which dismissed an appeal from a judgment of the clerk confirming the report of commissioners in a condemnation proceeding. The decision of this Court was that, since the appellant's attack upon the judgment of the clerk was for irregularity therein, the question should have been presented by a motion in the cause and not by an appeal. In a scholarly and detailed opinion, Ervin, J., speaking for the Court, said:

"The notice required by these constitutional provisions [North Carolina Constitution, Art. I, § 17; United States Constitution, Fourteenth Amendment] in such proceedings [judicial proceedings in a North Carolina court] is the notice inherent in the original process whereby the court acquires original jurisdiction, and not notice of the time when the jurisdiction vested in the court by the service of the original process will be exercised. 12 Am. Jur., Constitutional Law, § 594. After the court has once obtained jurisdiction in a cause through the service of original process, a party has no constitutional right to demand notice of further proceedings in the cause."

The opinion by Ervin, J. then continues as follows:

"The law does not require parties to abandon their ordinary callings, and dance 'continuous or perpetual attendance' on a

court simply because they are served with original process in a judicial proceeding pending in it. *Blue v. Blue,* 79 N.C. 69. The law recognizes that it must make provision for notice additional to that required by the law of the land and due process of law if it is to be a practical instrument for the administration of justice. For this reason, the law establishes rules of procedure admirably adapted to secure to a party, who is served with original process in a civil action or special proceeding, an opportunity to be heard in opposition to steps proposed to be taken in the civil action or special proceeding where he has a legal right to resist such steps and principles of natural justice demand that his rights be not affected without an opportunity to be heard."

It was then observed in that case that the rule respecting procedural notice had been disregarded.

We reserve for another occasion a decision upon the question of whether Article I, § 17, of the Constitution of North Carolina, or the Due Process Clause contained in the Fourteenth Amendment to the Constitution of the United States, would be violated by statutes establishing condemnation procedures which require no notice save that given by service of the original process in the special proceeding and which permit the appointment of commissioners, their meeting, the determination by them of the value of the property taken, the making by them of their report to the clerk, and, in absence of exceptions by the landowner, the entry of a final judgment by the clerk, all without notice to the landowner. As in the *Collins* case, this question is not now before us.

If a statute is susceptible of two interpretations, one constitutional and the other not, the former will be adopted. *Finance Co. v. Leonard,* 263 N.C. 167, 139 S.E. 2d 356; *Nesbitt v. Gill,* 227 N.C. 174, 41 S.E. 2d 646. Even to avoid a serious doubt as to constitutionality, the rule is the same. *National Labor Relations Board v. Jones & Laughlin Steel Corporation,* 301 U.S. 1, 57 S. Ct. 615, 81 L. Ed. 893, 108 A.L.R. 1352; 16 Am. Jur. 2d, Constitutional Law, § 146.

Chapter 40 of the General Statutes confers the right of eminent domain upon municipalities operating water and sewer systems. If such corporation is unable to agree with a landowner for the purchase of land it needs for such purpose, it may acquire the land, or an easement therein, by following the procedure there set forth. G.S. 40-12 provides that the municipality may present a petition to the clerk praying for the appointment of commissioners of appraisal. A summons, as in other cases of special proceeding, must be served,

together with a copy of the petition, upon all persons whose interests are to be affected by the proceeding "at least ten days prior to the *hearing* of the same by the court." [Emphasis added.] G.S. 40-16 provides that any person whose interests are to be affected may answer the petition, show cause against the granting of its prayer, and disprove any of the facts alleged therein. It further provides that the court "shall *hear* the proofs and allegations of the parties, and *if* no sufficient cause is shown against granting the prayer of the petition, it shall make an order for the appointment of three disinterested and competent freeholders * * * *and shall fix the time and place for the first meeting of the commissioners.*" [Emphasis added.]

It is apparent that these statutes do not contemplate a perfunctory proceeding, leading automatically to the granting of the petition. They do not contemplate a landowner standing helpless before the demand of a unit of government. He may deny any of the allegations in the petition and is entitled to a hearing before commissioners are appointed to appraise the damages he will sustain if his property is taken. "The implication is plain that the clerk is to hold the hearing on the challenge only after notice to the parties." *Collins v. Highway Commission, supra.* "A party in court is fixed with notice of all orders and decrees taken at term, for it is his duty to be there in person or by attorney; but he is not held to have notice of orders out of term; *nor of orders before the clerk.*" [Emphasis added.] *State v. Johnson,* 109 N.C. 852, 13 S.E. 843. All motions made before the clerk, other than those grantable as a matter of course or those specifically provided for by law, require notice to the parties affected thereby. *In Re Drainage District,* 254 N.C. 155, 118 S.E. 2d 431; *Collins v. Highway Commission, supra.*

The record in the present proceeding does not show any notice to the defendant of any such hearing by the clerk or of the order of the clerk appointing the commissioners and fixing the time for their first meeting. On the contrary, such order was issued 28 April 1965, sixteen days before the defendant was required to answer and did answer the petition.

G.S. 40-17 provides that whenever the commissioners meet, except by the appointment of the court or pursuant to an adjournment, "they *shall* cause ten days notice of such meeting to be given to the parties who are to be affected by their proceedings, or their attorney or agent." [Emphasis added.] This section requires that the commissioners view the premises, *"hear* the proofs and allegations of the parties, and reduce the testimony, if any is taken by them, to writing." [Emphasis added.] They are then required to determine the

compensation which ought to be paid and to report the same to the court within ten days. Clearly, this statute contemplates notice to the landowner of the meeting of the commissioners at which they are to "hear" his proofs and allegations.

If the landowner be given notice of the hearing before the clerk, this would, no doubt, be sufficient to charge him with notice of an order entered by the clerk, at such hearing, appointing commissioners and fixing the time and place for their first meeting. In turn, this would charge him with notice of actions of the commissioners at such first meeting, including the adjournment of such meeting to another time and place. In the record before us there is no showing of any notice of any of these actions. On the contrary, the clerk appointed the commissioners by an order entered 28 April 1965 and they met, pursuant to his order, in his office at 10:00 a.m. the same day. This was sixteen days prior to the time when the defendant was required to answer and did answer the complaint.

The clerk ordered the commissioners to "view the premises described in the petition, hear the proofs and allegations of the parties, if any, and reduce the testimony, if any is taken by them, to writing, and after the testimony is closed," to determine the compensation to be paid and to report the same to the court within ten days. The report of the commissioners was filed 5 May 1965. This was nine days before the defendant was required to answer the city's petition. No notice of the findings of the commissioners or of their report to the clerk was given to the defendant.

Furthermore, the report does not show compliance with the order of the clerk. It simply states that the commissioners met on 28 April 1965 at 10:00 a.m. in the office of the clerk and "subsequently visited the premises of the defendant, and after taking into full consideration the quality and quantity of the land involved, and all inconveniences likely to result to the defendant from the condemnation of said rights-of-way," asserted the damages at zero. It does not purport to show any hearing by the commissioners of "the proofs and allegations of the parties," as required both by the statute and by the order of the clerk.

G.S. 40-19 gives the landowner the right to file exceptions to the report of the commissioners within twenty days after the report is filed. He is entitled to be heard upon these exceptions.

This statutory procedure is designed to provide to the landowner a fair determination of his damages. It would be converted into a farce if it were construed to permit the clerk to appoint commissioners, the commissioners to meet, to determine the damages and report the same to the clerk, and the clerk twenty days later to

enter a final judgment, all with no notice whatever to the landowner, other than the original summons in the proceedings, and all before the time for filing his answer, as extended by the clerk, expired.

In her motion in the cause, before the clerk, to set aside the judgment of confirmation, the defendant states that "the first information or notice of any proceeding that the landowner or the landowner's attorney had concerning this matter since filing the answer May 14, 1965" was the receipt of a copy of the judgment of confirmation. The motion, which was promptly filed thereupon, was denied by the clerk upon the ground that more than twenty days had expired since the filing of the report and no exception to the report had been filed.

In *Gatling v. Highway Commission,* 245 N.C. 66, 95 S.E. 2d 131, the facts were quite similar. Speaking for the Court, Winborne, C.J., said:

> "If notice of the meeting, at which the report was signed, had been given to the parties, petitioner would have known of it. Hence in absence of notice it may not be held that petitioner failed to file his exceptions within twenty days after the report was filed."

It is true that new trials are not granted on account of mere technical error when there is no reasonable probability that the result of a new trial would be materially different. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657; *Freeman v. Preddy,* 237 N.C. 734, 76 S.E. 2d 159; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342. However, the defendant is not asking for a *new* hearing. She has had no hearing at all. This is not a technical error. This is a denial of a fundamental right.

We are not unmindful of the fact that, according to the petition, the city proposes to lay the sewer and water lines in the right-of-way of a state highway. The city alleges, in its petition, that the defendant is the owner of the fee in this land. As such, she is entitled to just compensation for an additional burden beyond that of the original easement for the highway. *Grimes v. Power Co.,* 245 N.C. 583, 96 S.E. 2d 713; *Rouse v. City of Kinston,* 188 N.C. 1, 123 S.E. 482. The laying of a water main or sewer line in the right-of-way of a highway is an additional burden upon the owner of the fee. *Rouse v. Kinston, supra.* Of course, in determining the compensation to be paid to the landowner, account must be taken of benefits to his property from the construction of the proposed improvement.

In affirming the clerk's denial of the motion to vacate the judgment of confirmation, the court below said that there is no reason-

able probability that any additional appraisals, hearings, or trials would result in any recovery on the part of the defendant. Under the statutes, that is not for the court below or for us to determine. That can be determined only by commissioners who are appointed after the notice and hearing contemplated by G.S. 40-16 and who thereupon proceed as directed by G.S. 40-17.

The motion in the cause to set aside the judgment confirming the report of the commissioners should have been allowed. The matter should thereupon be remanded to the clerk for a new appointment of commissioners and for a determination by them of the defendant's damage, if any, and a report by them to the clerk, all as provided in G.S. 40-17.

Since the answer, which has now been filed, does not deny the right of the city to acquire the desired easements by condemnation and raises no issue save that of just compensation, the only matter to be determined by the clerk at the initial hearing is the selection and appointment of the commissioners and the fixing of the time and place for their first meeting.

The defendant may or may not be able to get to first base, but she is entitled to her time at bat. She may not lawfully be called out on strikes before the contest is scheduled to begin. The judgment below is, therefore, reversed and the matter is remanded to the superior court with instructions to enter an order in accordance with this opinion.

Reversed and remanded.

MOORE, J., not sitting.