CITY OF RALEIGH v. DAVID J. MARTIN AND WIFE, MARILYN B. MARTIN

No. 8110SC1270

(Filed 7 December 1982)

1. **Eminent Domain § 11— condemnation—failure to except in timely manner about notice—waiver of right to raise issue**

   In a condemnation action, where defendants entered no exceptions to the commissioners' report based on inadequate notice, made no motion in the cause to set aside the confirmation order because of inadequate notice, failed to indicate on the order that exceptions or appeal concerned inadequate notice, raised no argument of inadequate notice before the judge, and failed to come forward and except in a timely manner on the notice issue, defendants waived their right to raise such an issue on appeal. G.S. 40-19.

2. **Eminent Domain § 11— condemnation proceeding—preserving right to appeal from commissioners' report**

   In a condemnation action, absent insufficient notice of proceedings before the clerk, an appealing party must file timely exceptions to the commissioners' report to preserve their right to appeal.

3. **Eminent Domain § 11— condemnation proceeding—guarantee of jury not overriding requirement of G.S. 40-19**

   G.S. 40-20, which guarantees the right to have a jury determine the amount of damages in a condemnation proceeding, does not override the requirement of G.S. 40-19 that exceptions be filed within 20 days of the commissioners' report.

4. **Eminent Domain § 11— condemnation proceeding—failure to file timely exceptions—refusal to hear testimony proper**

   In an action concerning a condemnation proceeding, the trial court did not err in refusing to allow a defendant to testify or to have his proffered testimony which explained defendants' reason for not giving notice of hearing on appeal summarized for the record. The reason defendants delayed five and one-half years in bringing their appeal was irrelevant since defendants' critical mistake was their failure to comply with G.S. 40-19 and file exceptions to the commissioners' report within the 20 day period.

APPEAL by defendants from *Bailey, Judge.* Order entered 22 September 1981, Superior Court, WAKE County. Heard in the Court of Appeals 15 September 1982.

Plaintiff, City of Raleigh, filed a petition of condemnation against defendants on 20 February 1975. Summons was issued to defendants who were served at 1220 Buck Jones Road, Raleigh, North Carolina. On 9 July 1975, plaintiff notified defendants at 1220 Buck Jones Road, Cary, North Carolina, of Application for

the Appointment of Commissioners. Commissioners of Appraisal were appointed on 17 July 1975 and were ordered to determine fair compensation for the defendants, who were notified of this order at 1220 Buck Jones Road, Cary, North Carolina. The commissioners filed a report on 1 August 1975, allowing damages of $1,327. A copy of the report was mailed to plaintiff's attorney. Plaintiff subsequently filed notice 13 August 1975 that the commissioners had ascertained damages amounting to $1,327 and notified defendants, at 1220 Buck Jones Road, Raleigh, North Carolina, of the commissioners' report. On 4 December 1975, plaintiff filed notice of a hearing on confirmation of the commissioners' report scheduled for 16 December 1975. No certificate of service of this notice, however, is in the record.

Nothing occurred on 16 December 1975, but the clerk signed an order on 30 December 1975 confirming the commissioners' report. From this order, defendants excepted and gave notice of appeal to the Superior Court.

Not until 16 July 1981 did defendants, now represented by counsel, give notice of hearing on appeal and demand for a jury trial. At the hearing held 14 September 1981, the judge declined to receive either David J. Martin's oral testimony or a written summary, both explaining why defendants waited until 16 July 1981 to give their notice of appeal and demand for jury trial. He stated that this issue was purely a matter of law and, therefore, concluded in his order, filed 22 September 1981, that defendants' appeal was not taken in a timely manner and ordered the appeal dismissed. From this order, defendants appeal.

*Francis P. Rasberry, Jr., Associate City Attorney, for plaintiff appellee.*

*Paul Stam, Jr., for defendant appellants.*

MORRIS, Chief Judge.

[1] Defendants' first argument is that their right to appeal the 31 December 1975 order of confirmation is preserved because they were not notified in compliance with Rule 4 of the Rules of Civil Procedure requiring service by mail on a party be given "at his last known address." Plaintiff mailed some notices to defendants at 1220 Buck Jones Road, Raleigh, North Carolina, and some

to 1220 Buck Jones Road, Cary, North Carolina. Defendants contend, therefore, that the court erred in not finding that certain orders and notices were improperly served on them. We believe defendants have waived this argument because they failed to take timely and appropriate action.

G.S. 40-19 provides, in part, that "within 20 days after filing the report the corporation or any person interested in the said land may file exceptions to said report, and upon the determination of the same by the court, either party to the proceedings may appeal to the court during a session. . . ." The clerk makes his determination on the exceptions filed after the parties are afforded notice and an opportunity to be heard. Then either party aggrieved by the clerk's decision to confirm or not to confirm the commissioners' report may appeal. *See: Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709 (1953); *Redevelopment Commission v. Grimes,* 277 N.C. 634, 178 S.E. 2d 345 (1971).

On 13 August 1975, plaintiff filed notice that the commissioners had ascertained damages of $1,327 for defendants and mailed this notice to defendants. Within the following 20-day period, defendants filed no exceptions to the commissioners' report itself or addressed to alleged improper notice of the proceedings. Defendants' only objection was made 30 December 1975 when they excepted to and gave notice of appeal of the clerk's order filed 31 December 1975, confirming the commissioners' report.

Defendants, after receiving notice of the commissioners' report on 13 August 1975 and failing to file exceptions within the 20-day period proscribed by G.S. 40-19, should have raised the issue of notice by a motion in the cause. "To set aside a judgment [because of procedural irregularities] 'it is necessary to make a motion in the cause before the court which rendered the judgment . . . the objection cannot be made by appeal, or an independent action or by collateral attack. The time for such motion is not limited to one year after the judgment is rendered, but it must be made by the party affected and within a reasonable time to show that he has been diligent to protect his rights.' " *Collins,* at 284, 74 S.E. 2d at 715-16. Defendants entered no exceptions to the commissioners' report based on inadequate notice, made no motion in the cause to set aside the confirmation order because of

inadequate notice, failed to indicate on the 31 December 1975 order that exceptions or appeal concerned inadequate notice, and raised no argument of inadequate notice before the judge. Because they failed to come forward and except in a timely manner on the notice issue, defendants have waived their right to raise such an issue at this level of the proceedings.

In their second argument, defendants contend that the court erred in ruling that their appeal was not taken in a timely manner because no exceptions to the commissioners' report were filed as required by G.S. 40-19. Defendants believe, first, that it was unnecessary for them to file exceptions to the 1 August 1975 commissioners' report within 20 days or, indeed, at all; and second, that a notice of appeal from the clerk's order confirming the commissioners' report coupled with the provisions of G.S. 40-20 guarantee them the right to a new trial before a jury.

[2] Defendants rely primarily on *Proctor v. Highway Comm.*, 230 N.C. 687, 55 S.E. 2d 479 (1949), to support their contention that the filing of exceptions is unnecessary to maintain a later right of appeal. *Proctor* involved an inverse condemnation action where the State Highway Commission appealed from the commissioners' report, alleging that damages were excessive. The jury subsequently returned an even greater award for damages. The Highway Commission contended that the landowner could not benefit from the jury award in her favor because she had filed no exceptions to the commissioners' report and had failed to appeal from the clerk's confirmation order. The Court stated, however, that the Superior Court is authorized to enter judgment in the amount of the jury award, regardless of which party properly raises an appeal. The Court did not state or imply, as defendants contend, that compliance with G.S. 40-19 was unnecessary. G.S. 40-19, as previously related, provides that "within 20 days after filing the report . . . [interested parties] may file exceptions . . . and upon determination of the same . . . may appeal." In *Proctor*, the Highway Commission complied with G.S. 40-19 by excepting from the commissioners' report within the specified 20-day period, alleging that the damage award was excessive. The clerk overruled the Highway Commission's exceptions and confirmed the commissioners' report. After the clerk's confirmation of the commissioners' report, the Highway Commission then appealed to the Superior Court, requesting that a jury determine the award of

damages. From these facts, no implication arises that compliance with G.S. 40-19 is unnecessary because the Highway Commission filed timely exceptions to the commissioners' report, awaited the clerk's determination and then appealed to the Superior Court pursuant to G.S. 40-19.

Dicta in two cases support the conclusion that one must file timely exceptions to commissioners' report to preserve the right to appeal. In *Gatling v. Highway Commission,* 245 N.C. 66, 95 S.E. 2d 131 (1956), the Court considered the question of whether the clerk's order confirming the commissioners' report should be set aside because no exceptions were filed within 20 days. The Court concluded that the Superior Court Judge had discretionary authority to preserve the right of appeal by allowing exceptions to be filed, *nunc pro tunc,* 21 days from the date the commissioners' report was filed, since the parties had not been notified of the commissioners' hearing.

Likewise, in *Randleman v. Hinshaw,* 267 N.C. 136, 147 S.E. 2d 902 (1966), defendant was not notified of the clerk's order appointing commissioners and scheduling their first meeting or of the filing of the commissioners' report. The clerk's order was issued 16 days before expiration of the time allowed defendant to answer the petition. The court, therefore, preserved defendants' right to appeal the clerk's determination although no exceptions were filed within 20 days because defendant had not been notified of any proceedings before the clerk.

Both *Gatling* and *Randleman* imply that compliance by appealing parties with G.S. 40-19 by filing exceptions to the commissioners' report is essential. The trial courts dismissed the parties' appeals because of their failure to file exceptions. However, both decisions were reversed on the independent grounds that the parties received inadequate notice of proceedings before the clerk. Thus, the parties' rights to appeal were preserved. The inference is clear that, absent insufficient notice of proceedings before the clerk, an appealing party must file timely exceptions to the commissioners' report to preserve their right to appeal.

[3] Defendants further contend that G.S. 40-20, which guarantees the right to have a jury determine the amount of damages, overrides the requirement of G.S. 40-19, that exceptions be filed within 20 days of the commissioners' report. Both statutes, G.S.

40-19 and G.S. 40-20, have since been repealed but are still in effect for condemnation actions filed before 1 January 1982.

Defendants rely on *Railroad v. Railroad,* 148 N.C. 59, 61 S.E. 683 (1908), for the premise that no statute or court rule requires filing specific exceptions to the clerk's order in the course of proceedings. The *Railroad* case is, however, distinguishable from the facts of this case. First, defendant in *Railroad* properly filed exceptions to the commissioners' report, although they were subsequently overruled and the commissioners' report was confirmed. Second, defendant's exceptions, allegedly too general, did not deal with the commissioners' report itself but rather with preliminary objections to the clerk's initial order appointing commissioners and directing that an appraisal be made. The court, therefore, determined that upon proper denial of matters alleged in the petition, exceptions to the clerk's order appointing commissioners in a condemnation proceeding may be general.

The court did not conclude or imply that compliance with the requirement of filing exceptions to the commissioners' report as set out in G.S. 40-19 is unnecessary. Defendants' second argument lacks merit and is overruled.

[4] Defendants' third argument, based upon their fifth assignment of error, is that the court erred in refusing to allow defendant David J. Martin to testify or to have his proffered testimony summarized for the record, explaining defendants' reason for not giving notice of hearing on appeal and demand for jury trial until five and one-half years after confirmation of the commissioners' report. The refusal was based upon the judge's belief that resolution of the issue was "a pure matter of law." Defendants' critical mistake was their failure to comply with G.S. 40-19 and file exceptions to the commissioners' report within the 20-day period or, indeed, at all. Thus, the reason they delayed five and one-half years in bringing their appeal is irrelevant in determining the case and, therefore, the judge's decision not to hear the proffered testimony or summary was correct. The order dismissing defendants' appeal is

Affirmed.

Judges BECTON and JOHNSON concur.