CAROLINA POWER & LIGHT COMPANY, PETITIONER v. LAWRENCE G. CROWDER AND WIFE, THERESA CROWDER, RESPONDENTS

No. 8728SC899

(Filed 5 April 1988)

**Eminent Domain § 11— condemnation—appeal from Commissioners' Report—no exceptions**

The trial court properly dismissed respondents' appeal from a final judgment in a condemnation action where respondents failed to make any exceptions to the Commissioners' Report and failed to file exceptions to the Clerk's final judgment. N.C.G.S. § 40A-28.

APPEAL by respondents from *Lewis (Robert D.), Judge.* Order entered 21 April 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 11 February 1988.

On 1 October 1986, petitioner filed a Petition for Condemnation of Right of Way under Chapter 40A of the General Statutes. The Clerk of Superior Court of Buncombe County entered an order appointing Commissioners to determine the value of respondents' property subject to condemnation. The Commissioners filed their report on 20 January 1987 in which they estimated and assessed the compensation due respondents to be $25,300.00.

On 12 February 1987, the Clerk entered a final judgment approving the condemnation and compensation. Respondents filed a notice of appeal from this decision on 20 February 1987. Petitioner then filed a motion to dismiss the appeal which was granted by Judge Lewis on 21 April 1987. From the order of the trial judge, respondents appeal.

*Carolina Power & Light Company, by Associate General Counsel Andrew McDaniel; and Van Winkle, Buck, Wall, Starnes & Davis, by Russell P. Brannon, for petitioner appellee.*

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by George B. Hyler, Jr., for respondent appellants.*

ARNOLD, Judge.

Respondents contend that the trial court erred in dismissing their appeal. We do not agree.

G.S. 40A-28 states in pertinent part:

(a) Upon the filing of the report, the clerk shall forthwith mail copies to the parties. Within 20 days after the filing of the report any party to the proceedings may file exceptions thereto. The clerk, after notice to the parties, shall hear any exceptions so filed and may thereafter direct a new appraisal, modify or confirm the report, or make such other orders as the clerk may deem right and proper.

(b) If no exceptions are filed to the report, and if the clerk's final judgment rendered upon the petition and proceedings shall be in favor of the condemnor, . . . all

owners who have been made parties to the proceedings shall be divested of the property. . . .

(c) Any party to the proceedings may file exceptions to the clerk's final determination on any exceptions to the report and may appeal to the judge of superior court having jurisdiction. Notice of appeal shall be filed within 10 days of the clerk's final determination. . . .

The filing of exceptions to the Commissioners' Report is a prerequisite to the filing of an appeal. *City of Raleigh v. Martin*, 59 N.C. App. 627, 297 S.E. 2d 916 (1982).

In the present case, respondents failed to make any exceptions to the Commissioners' Report. They also failed to file exceptions to the clerk's final judgment. Therefore, respondents' appeal was properly dismissed.

Respondents' sole exception is to the trial court's order dismissing the appeal. An exception to the signing of the order presents nothing for review except whether or not the court's conclusions of law are supported by the findings of fact. *See Cratch v. Taylor*, 256 N.C. 462, 124 S.E. 2d 124 (1962). The trial court's order dismissing respondents' appeal is well supported by the finding that respondents failed to file exceptions to the Commissioners' Report. The order of the trial court is

Affirmed.

Judges PHILLIPS and COZORT concur.