STATE OF NORTH CAROLINA v. JAMES F. COX, DEFENDANT, AND TOMMY D. SCOGGINS, SURETY

No. 8818DC16

(Filed 19 July 1988)

Arrest and Bail § 11.4— criminal appearance bond—judgment against surety—lack of notice—void

    The trial court erred by entering an order and judgment of forfeiture on a criminal appearance bond without a proper notice to the surety pursuant to N.C.G.S. § 15A-544(b) where the surety was not personally served in Alamance County; the surety was not mailed a copy of the order of forfeiture and notice; the sheriff had a record of the surety's address throughout the proceedings; the surety had no knowledge of the order of forfeiture and notice,

that the judgment was absolute, or that the matter was transferred to the sheriff's department for execution; and the sheriff's department did not comply with the statutory requirements of N.C.G.S. § 15A-544(b).

APPEAL by surety, Tommy D. Scoggins, from *Bencini, Judge.* Order entered 19 November 1987 in District Court, GUILFORD County. Heard in the Court of Appeals 7 June 1988.

*No brief filed on behalf of the State of North Carolina.*

*Douglas R. Hoy and James F. Walker for surety, defendant-appellant.*

JOHNSON, Judge.

The State of North Carolina issued a warrant for the arrest of James F. Cox on 12 February 1986 for the violation of G.S. 14-107, which makes it unlawful to issue a check knowing at the time that there are insufficient funds to pay the check upon presentation. Mr. Cox was arrested on 25 May 1986 and charged with giving a worthless check to L & M Machine and Tool Company. On the same date, the defendant, James F. Cox, was released when the surety, Tommy D. Scoggins (hereinafter surety), signed an appearance bond in the amount of $2,000.00. The defendant's court date was set for 13 June 1986 at 9:30 a.m. in the Criminal District Court of Guilford County.

At the 13 June 1986 Criminal Session of the District Court of Guilford County, the matter was continued until 17 July 1986. At the 17 July 1986 Criminal Session of the District Court of Guilford County, the matter was again continued until 14 October 1986. At the 14 October 1986 Criminal Session of the District Court of Guilford County, the defendant, James F. Cox, did not appear and an order of forfeiture and notice to appear were issued and mailed to the Alamance County Sheriff's Department for service. A copy of the order of forfeiture and notice were mailed to defendant's last known address, but he was not served since he could not be located. A copy of the order of forfeiture and notice were neither mailed nor personally served upon the surety, who has resided at 1086 Gant Road, Graham, North Carolina, at all times during the course of these proceedings.

On 3 December 1986, Judge Bencini entered a judgment of forfeiture for $2,000.00. On 16 March 1987, the execution was

docketed in Guilford County Superior Court. On 19 March 1987, the execution was issued to the Alamance County Sheriff's Department in order to levy and execute against the surety's property. This was the first time that the surety acquired knowledge that the order of forfeiture and notice had been entered on 14 October 1986, that the judgment had been made absolute, and that the matter had been transferred to the Alamance County Sheriff's Department for execution.

On 12 April 1987, the surety filed a motion for remission pursuant to G.S. 15A-544(h). Judge Morton entered a stay preventing any levy, attachment or execution against his property until the motion for remission could be heard. On 11 May 1987, Judge Bencini granted the surety an additional 90 days in which to locate and surrender the defendant, James F. Cox. On 12 August 1987, the surety's motion for remission was denied. He then filed notice of appeal on 24 August 1987.

On appeal, the surety contends that the trial court committed reversible error when it entered an order of forfeiture and a subsequent judgment of forfeiture without proper notice to him pursuant to G.S. 15A-544(b). The purpose of this statute is to regulate the forfeiture of bonds in criminal proceedings and to establish "an orderly procedure for forfeiture." *State v. Moore*, 57 N.C. App. 676, 678, 292 S.E. 2d 153, 155 (1982), *citing, State v. Rakina and State v. Zofira*, 49 N.C. App. 537, 539, 272 S.E. 2d 3, 4 (1980), *disc. rev. denied*, 302 N.C. 221, 277 S.E. 2d 70 (1981).

G.S. 15A-544(b) provides in pertinent part that:

[A] copy of the order of forfeiture and notice that judgment will be entered upon the order after 30 days *must* be served on each obligor. Service is to be made by the sheriff by delivery of the order and notice to him or by delivery at his dwelling house. . . . If the sheriff is unable to effect service . . . , he *must* file a return to this effect; the clerk *must* then mail a copy of the order of forfeiture and notice to the obligor at his address of record. . . .

These statutory requirements are not discretionary but mandatory. G.S. 15A-531 defines obligor as "a principal or a surety on a bail bond." The surety was an obligor and therefore was entitled to notice as required under G.S. 15A-544(b).

Notice was neither personally served nor mailed to the surety. As a result, he had no knowledge that the judgment was made absolute or that the matter had been transferred to the sheriff's office for execution. The surety received notice when the sheriff contacted him in order to levy and execute against his property.

"The law recognizes that it must make provisions for notice additional to that required by the law of the land and due process of law if it is to be a practical instrument for the administration of justice." *Randleman v. Hinshaw*, 267 N.C. 136, 141, 147 S.E. 2d 902, 905 (1966), *citing, Collins v. Highway Commission*, 237 N.C. 277, 281, 74 S.E. 2d 709, 713 (1953). Therefore, reason dictates that if the wording of a statute indicates that a specific procedure for forfeiting a bail bond is to be followed, then the specified steps *must* be adhered to in order to enforce the forfeiture, or else the judgment is null and void.

Notice and an opportunity to be heard prior to depriving a person of his property, are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Art. I, sec. 17, of the North Carolina State Constitution. "An elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Randleman, supra*, at 140, 147 S.E. 2d at 905, *citing, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The failure to follow the statutory requirements denied the surety his right to receive notice of the order of forfeiture.

Judge Bencini found as a fact that (1) the surety was not personally served in Alamance County, (2) the surety was not mailed a copy of the order of forfeiture or notice, (3) the sheriff had a record of the surety's address throughout the proceedings, (4) the surety had no knowledge of the order of forfeiture and notice, that the judgment was made absolute, or that the matter was transferred to the sheriff's department for execution, and (5) the sheriff's department did not comply with the statutory requirements of G.S. 15A-544(b).

We hold therefore that the judgment is null and void and should be vacated. In light of our holding, it is not necessary to address the surety's remaining assignment of error.

Reversed and remanded.

Judges PARKER and COZORT concur.