HANCOCK v. TENERY

[131 N.C. App. 149 (1998)]

DAVID WALTER HANCOCK AND WIFE, PATRICIA D. HANCOCK, PETITIONER-APPELLEES
v. ROBERT M. TENERY AND WIFE, WILLO'DEANE TENERY; SAMUEL RYAN
TENERY AND WIFE, DEBRA C. TENERY; CARRIE RENEE TENERY RATLEDGE
AND HUSBAND, JOHN BRADLEY RATLEDGE, DEFENDANT-APPELLANTS

No. COA97-1465

(Filed 6 October 1998)

**Highways and Streets— cartway proceeding—appeal—exceptions to commissioners' report**

The trial court correctly dismissed defendant's appeal from an order of the clerk of superior court which confirmed a commissioners' report in a cartway proceeding where the court concluded that no exceptions were filed to the report. The filing of exceptions to the commissioners' report is a prerequisite to the filing of the appeal.

Appeal by defendant-appellants from judgment entered 16 July 1997 by Judge Catherine C. Eagles in Davie County Superior Court. Heard in the Court of Appeals 27 August 1998.

*Daniel Law Firm P.A., by Stephen T. Daniel and James W. Kilbourne, Jr., for defendant-appellants.*

*Hall and Vogler, Attorneys at Law, by E. Edward Vogler, Jr. and Beverly S. Murphy, for petitioner-appellees.*

SMITH, Judge.

Petitioners David and Patricia Hancock (the Hancocks) initiated this action on 31 January 1997 by filing a special proceeding pursuant to N.C. Gen. Stat. § 136-68, *et seq.* In their petition, the Hancocks sought to establish a statutory cartway across the property of their adjoining landowners. Defendants Robert Tenery and his wife, Willo'Deane Tenery; Samuel Ryan Tenery and his wife, Debra Couch Tenery; and, Carrie Renee Tenery Ratledge and her husband, John Bradley Ratledge (collectively referred to as defendants) answered the petition, denying all allegations and moving to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Following a hearing, the Clerk of Davie County Superior Court entered an order in which he found the Hancocks were entitled to a cartway across the land of defendants, and appointed a panel of three commissioners to "view the premises described in the Petition, hear proof and allegations of the parties . . ., ascertain and determine the

compensation which ought justly be made by the [c]ommissioners to the owner of the property, and lay out a cartway with the assistance of any and all professional surveyors necessary."

Thereafter, the commissioners filed a report on 25 February 1997 in which they established a cartway across defendants' land and ordered the Hancocks to pay defendants the sum of $10,000.00 as a result of this taking. None of the defendants filed exceptions to this report, and the clerk confirmed the report on 18 March 1997. Both parties appealed from this order, but the Hancocks dismissed their appeal on 1 July 1997. Following a hearing, the trial court entered an order on 16 July 1997 in which it dismissed defendants' appeal for their "failure to file exceptions to the [c]ommissioner's [r]eport . . . ."

N.C. Gen. Stat. §136-68 provides:

> The establishment, alteration, or discontinuance of any cartway . . . for the benefit of any person, firm, association, or corporation, over the lands of another, shall be determined by a special proceeding instituted before the clerk of the superior court in the county where the property affected is situated. Such special proceeding shall be commenced by a petition filed with said clerk and the service of a copy thereof on the person or persons whose property will be affected thereby. From any final order or judgment in said special proceeding, any interested party may appeal to the superior court for a jury trial de novo on all issues including the right to relief, the location of a cartway, . . . and the assessment of damages. *The procedure established under Chapter 40A, entitled "Eminent Domain," shall be followed in the conduct of such special proceeding insofar as the same is applicable and in harmony with the provisions of this section.*

N.C. Gen. Stat. § 136-68 (Cum. Supp. 1997) (emphasis added). Chapter 40A of the North Carolina General Statutes sets forth the "exclusive condemnation procedures to be used in this State by all private condemnors and all local public condemnors." N.C. Gen. Stat. § 40A-1 (1984). In accordance therewith, N.C. Gen. Stat. § 40A-25 states that if the clerk of superior court does not find sufficient cause to deny the petition for the establishment of a cartway, he "shall make an order for the appointment of three commissioners and shall fix the time and place for the first meeting of the commissioners." N.C. Gen. Stat. § 40A-25 (1984). Further, N.C. Gen. Stat. § 40A-26 states that "[a]fter the testimony is closed in each case, . . . a majority of the commissioners being present and acting, shall ascertain and determine the

compensation which ought justly to be made by the condemnor to the owners of the property appraised by them." N.C. Gen. Stat. § 40A-26 (1984). Finally, N.C. Gen. Stat. § 40A-28(c) provides that "[a]ny party to the proceedings may file exceptions to the clerk's final determination on any exceptions to the report . . . within 10 days of the clerk's final determination." N.C. Gen. Stat. § 40A-28(c) (1984).

However, it is important to note that "[t]he filing of exceptions to the [c]ommissioners' [r]eport is a prerequisite to the filing of an appeal." *Carolina Power & Light Co. v. Crowder*, 89 N.C. App. 578, 580, 366 S.E.2d 499, 500 (1988) (citation omitted). Also, "[a]n exception to [an order dismissing an appeal] presents nothing for review except whether or not the court's conclusions of law are supported by the findings of fact." *Id.*

In this case, the trial court made the following findings:

6. [T]he commissioner's report in this matter was filed on February 25, 1997; that the commissioner's report was served on all parties to this action; that no exceptions to said report [were] ever filed by [defendants].

7. [T]he Clerk's Final Order was filed on March 18, 1997; that [defendants] gave Notice of Appeal to said Order on April 2, 1997 more than 10 days after the Clerk's Final Order was filed and served on the parties.

The trial court then concluded that the defendants' appeal was not timely made, and the "failure to file exceptions to the [c]ommissioner's [r]eport requires this Court to dismiss [defendants'] appeal." After a careful review, we find the trial court's order of 16 July 1997 dismissing defendants' appeal for failure to file exceptions to be fully supported by the record, and therefore affirm the dismissal.

Affirmed.

Judges WYNN and McGEE concur.

This opinion was concurred in by Judge Wynn prior to 1 October 1998.